[No. G025710. Fourth Dist., Div. Three. Aug. 17, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD LEE BRITTON, Defendant and Appellant.

COUNSEL

Maureen J. Shanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont, Pamela A. Ratner and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MOORE, J.**—Following the denial of his motion to suppress evidence under Penal Code section 1538.5, Harold Lee Britton pleaded guilty to a charge under Health and Safety Code section 11350, subdivision (a), for possession of heroin. He asserts the magistrate erred by permitting the prosecution to respond orally to his motion rather than requiring it to file and serve a timely written response, thereby violating his rights to due process and a fair trial. In addition, defendant maintains the trial court erroneously concluded the arresting police officer articulated adequate facts to justify a reasonable suspicion of defendant's likely involvement in criminal wrong-doing sufficient to warrant his detention. We disagree with both assertions and affirm.

# I

## FACTS

One afternoon, a uniformed Santa Ana Police Officer, Charles Lipton, responded to a dispatched call at a residence on South Daisy Street in Santa Ana. Lipton parked his cruiser at the curb and approached the house on foot. He noticed, among other things, that there was no furniture in the house, no shades or curtains in its windows, and no cars in the driveway. From these facts he surmised the home was vacant. Following a walkway that led to the rear of the house, he heard conversation emanating from the backyard. As he approached the backyard, he saw two men, one facing him, and defendant, who had his back toward him. They were seated around a makeshift table, consisting of an inverted bucket with a white T-shirt tablecloth.

When the man facing him made eye contact with Lipton, he bolted, running away from Lipton to the other side of the house and escaping through the front yard. He was not apprehended. Moments later, defendant sprang to his feet, turned to glimpse Officer Lipton moving rapidly toward him, and, while clutching something in one hand, also took flight. Lipton gave chase, glancing at the makeshift table as he ran by it. He noticed several items on top of the table that, based on 22 years of experience as an officer during which he made hundreds of narcotics arrests and received many hours of training concerning narcotics, Lipton believed to be narcotics paraphernalia. Lipton drew his gun and exclaimed, "Stop or I'll shoot." Defendant complied. During a search of defendant's person, officers found a hypodermic syringe and needle and part of an aluminum can in defendant's hand and a small quantity of tar heroin in his shirt pocket. A later booking search yielded two more small bindles containing heroin. The table contained a glass pipe, a cigarette lighter, a knife, the bottom of an aluminum can, and baking powder in a plastic bag.

Pursuant to Penal Code section 1538.5, subdivision (f)(2), defendant filed and served a motion to suppress evidence challenging Lipton's detention and search prior to the preliminary hearing. (All further statutory references are to the Penal Code unless otherwise stated.) The prosecution filed no written opposition to the motion. On the day of the preliminary hearing, defendant filed another motion, this one to preclude the prosecution from presenting any opposition to defendant's suppression motion on the ground that it had failed to file and serve a timely *written* response, which defendant contended is required by section 1538.5, subdivision (f)(3).

Subdivision (f)(3) of section 1538.5 in pertinent part provides, "Any written response" to a suppression motion "shall be filed . . . and personally

served . . . at least two court days prior to the hearing." The magistrate interpreted the words "any written response [to] mean[] that if there is going to be a written response, it has to be filed two days prior to the hearing. I don't read that language to mandate a written response nor in the absence of a written response to preclude the people from proceeding on the motion and making oral argument."

As to the propriety of Lipton's initial detention of defendant, the court noted that, in addition to defendant's flight, officer Lipton articulated at least two additional important facts: (1) based on his experience, Lipton believed he saw narcotics paraphernalia on the suspects' makeshift table; and (2) he saw something in defendant's hand that could have been a weapon. The court concluded that under the totality of circumstances, Lipton had reasonable grounds to detain defendant.

Defendant renewed his motion to suppress in the superior court. (§ 1538.5, subd. (i).) Basing its decision upon the preliminary hearing transcript, additional briefing by defendant and the prosecution, and oral argument, the court rejected both defense arguments.

## II

### DISCUSSION

*Prosecutor's oral response to motion*

■ Prior to the 1997 statutory amendment that added section 1538.5, subdivision (f)(2) and (3), defendants were. permitted to move for suppression at any time during the preliminary hearing without notice. (*Cox v. Superior Court* (1993) 19 Cal.App.4th 1046, 1050 [23 Cal.Rptr.2d 751] ["neither written nor oral notice of motion should be required for suppression motions made at preliminary hearings"].) Defendant argues these subdivisions bestow an unconstitutional advantage on the prosecution because while they require defendants seeking to suppress evidence to move in writing and provide advance notice, they permit the prosecution to oppose the motion without the benefit of a written opposition in advance of the hearing. Under such circumstances, defendant argues, the defense must speculate about the prosecution's potential justifications for a search or seizure and will unavoidably be less prepared for the hearing than the prosecution. For several reasons, we disagree.

As a threshold matter, the pleading burden imposed by section 1538.5, subdivision (f)(2), is relatively light. It does not require defendant to speculate about the prosecution's possible justifications for a warrantless seizure

or to disprove a fact on which the prosecution bears the burden of proof. As the Supreme Court explained in *People v. Williams* (1999) 20 Cal.4th 119 [83 Cal.Rptr.2d 275, 973 P.2d 52], "in the case of a warrantless search or seizure, defendants are not *required* to anticipate the prosecution's justifications. Law enforcement personnel, not defendants, are in the best position to know what justification, if any, they had for preceding without a warrant. Therefore, defendants who do not know, and hesitate to guess, what justification the prosecution might offer can simply await the prosecution's argument and evidence, and then respond with specific objections. [Citations.]" (*Id.* at p. 136.) The court stressed that a core concern of the notice requirement was to do just that: give notice. "Defendants need only be specific enough to give the prosecution and court reasonable notice." (*Id.* at p. 131.) And armed with such notice, the prosecution would know in advance whether or not witnesses knowledgeable about the purportedly illegal search or seizure would be required to attend the preliminary hearing, thereby averting the waste of law enforcement time and resources entailed in the previous practice of having witnesses on standby in case of a surprise suppression motion.

Defendant's assertion that permitting an oral prosecutorial opposition puts him at a disadvantage largely evaporates when one considers the preliminary hearing in tandem with a special hearing on a renewed suppression motion in superior court. Indeed, in the event of an unsuccessful suppression motion at a preliminary hearing, a defendant may then renew the motion in superior court, "introducing any evidence that could not reasonably have been presented at the preliminary hearing . . . giv[ing] defendants every opportunity necessary to present their claims fully." (*People v. Hansel* (1992) 1 Cal.4th 1211, 1220 [4 Cal.Rptr.2d 888, 824 P.2d 694].) In addition, nothing prevents the defendant from filing a new and improved memorandum of points and authorities at the superior court special hearing, thereby eradicating the shortcomings, if any, in defendant's legal arguments occasioned by permitting the prosecution to respond orally to a suppression motion at a preliminary hearing.

There is no real question that the traditional core elements of due process are not adversely affected by permitting the prosecution to respond orally to a motion to suppress. Defendant's "right to produce evidence and cross-examine adverse witnesses" was not abridged or compromised. (*People v. Smithson* (2000) 79 Cal.App.4th 480, 496 [94 Cal.Rptr.2d 170].) Nor were his rights "to appear by counsel" before an "impartial decision maker." (*Ibid.*) That is, defendant was represented by counsel at the preliminary hearing, and he does not challenge his counsel's effectiveness. (*Id.* at p. 497.) Likewise, defendant "does not claim the magistrate . . . was biased in

hearing and ruling on the motion." (*Ibid.*) Accordingly, we conclude defendant was afforded a full and ample opportunity to litigate his motion to suppress.

*Detention of defendant*

█ Defendant contends the trial court erroneously denied his motion to suppress evidence. █ An appellate court's review of a ruling on such a motion is governed by well-settled principles: We defer to the trial court's findings of fact that are supported by substantial evidence, but in all other respects the court's ruling is subject to independent review. (*People v. Ayala* (2000) 24 Cal.4th 243, 279 [99 Cal.Rptr.2d 532, 6 P.3d 193].) █ Based on our review of the law and facts, we find no error.

The Fourth Amendment to the United States Constitution and article I, section 13 of the California Constitution proscribe seizures of persons, even brief investigative detentions, that are *unreasonable*. (*People v. Souza* (1994) 9 Cal.4th 224, 229 [36 Cal.Rptr.2d 569, 885 P.2d 982].) Defendant contends Lipton lacked reasonable cause to detain him. We disagree.

To warrant an investigatory detention, a police officer must be able to " 'point to specific and articulable facts which, taken together with rational inferences from those facts,' would warrant the intrusion." (*People v. Souza, supra,* 9 Cal.4th at p. 229, quoting *Terry v. Ohio* (1968) 392 U.S. 1, 17, 20-21 [88 S.Ct. 1868, 1877, 1879, 20 L.Ed.2d 889].) Lipton testified that defendant and another man were seated at a makeshift table in the backyard of a house he believed to be vacant. As soon as the individual facing him made eye contact with Lipton, he scrambled to his feet and fled. Defendant immediately turned to see Lipton, who by this time was hurrying toward him and the table, jumped to his feet and also attempted to flee. Lipton saw something in defendant's hand and what appeared to be narcotics paraphernalia on the table. At this point Lipton decided to detain defendant. Not knowing what defendant had in his hand, and wary for his own safety, Lipton drew his gun. The officer chased defendant around the side of the house and into the front yard, at which point he yelled something to the effect, "Stop or I'll shoot." Defendant immediately complied.

Did Lipton articulate sufficient facts to warrant a reasonable suspicion of criminal activity in which defendant was involved? We conclude he did. More than simple unprovoked flight occurred here. Rather, Lipton testified to what might be dubbed "flight plus." (*People v. Souza, supra,* 9 Cal.4th at p. 236.) Defendant and his confederate immediately decamped upon sighting the officer. This evasive conduct by two people instead of just one person,

we believe, bolsters the reasonableness of the suspicion that there is criminal activity brewing. (See *Illinois v. Wardlow* (2000) 528 U.S. 119, 128 [120 S.Ct. 673, 678, 145 L.Ed.2d 570].) The magistrate found Lipton's testimony concerning the narcotics paraphernalia credible, as it did his testimony that he feared defendant might be holding a gun. Lipton's observations were at least sufficiently ambiguous to warrant an "investigative detention to enable the officer to resolve the ambiguity in the situation and to find out whether the activity was in fact legal or illegal." (*People v. Souza, supra*, 9 Cal.4th at p. 242.)

## III

### DISPOSITION

The judgment is affirmed.

Sills, P. J., and O'Leary, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 14, 2001.