[No. D036108. Fourth Dist., Div. One. Jan. 16, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK H. SMITH, Defendant and Appellant.

COUNSEL

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McDONALD, J.**—Mark H. Smith appeals a judgment entered following his guilty plea to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378). Smith contends the trial court erred by denying his Penal Code section 1538.5[1] motion to suppress evidence seized during a police search of the trunk of the car he was driving. He argues the prosecution did not prove, and the court precluded evidence and argument on whether, the search was properly conducted pursuant to a standardized police policy for inventory searches. He also contends the trial court erred by denying his supplemental section 1538.5 motion that requested an opportunity to fully litigate the issue of whether the search was properly conducted pursuant to a standardized police policy. Because we conclude the trial court

[1]All further statutory references are to the Penal Code unless otherwise specified.

erred by denying Smith an opportunity to fully litigate whether the evidence was seized during a valid inventory search pursuant to a standardized police policy, we reverse the judgment and remand with directions for further proceedings.

## Factual and Procedural Background

In October 1999, San Diego Police Officers Kevin Day and Gary Avalos stopped the car Smith was driving after they observed the absence of a taillight. Day noticed Smith exhibited symptoms of being under the influence of methamphetamine. Day arrested Smith for being under the influence of a narcotic. Smith denied Day's request to search the car. Day and Avalos nevertheless searched the car and found methamphetamine and narcotics paraphernalia in a backpack in the car's trunk.

An information charged Smith with seven offenses, including possession of methamphetamine for sale. On December 30 Smith filed a section 1538.5 motion to suppress evidence found during the October search. On January 12, 2000, the prosecution filed a memorandum of points and authorities opposing Smith's motion. Smith did not file a reply brief. At the January 24 hearing on the motion, the trial court noted Smith did not file a reply brief and took his motion off calendar without prejudice to allow Smith to refile his suppression motion.

On February 18 Smith refiled his section 1538.5 motion to suppress. His motion asked the trial court to suppress all evidence obtained as a result of his alleged illegal detention and arrest "on the grounds that [his] Fourth Amendment rights were violated by police acting without a warrant." Smith's motion stated the following facts: "The defendant was detained, and/or searched and arrested on October 16, 1999 by [Day and Avalos], who did not have a warrant to search or arrest the defendant." Citing supporting case law, Smith argued that a search or seizure by police without a valid search warrant is presumed to be unlawful and, unless the prosecution can justify the warrantless search or seizure, the evidence seized must be suppressed. He further argued that under *People v. Williams* (1999) 20 Cal.4th 119, 136 [83 Cal.Rptr.2d 275, 973 P.2d 52], on a defendant's showing that police acted without a warrant, the prosecution has the burden to provide that justification, after which a defendant can respond at any time during the suppression proceedings by pointing out any inadequacies in that justification.

On March 6 the prosecution refiled its memorandum of points and authorities opposing Smith's motion. It argued that Smith had no legitimate

expectation of privacy in the car, his detention was lawful, and officers had probable cause to arrest him. It further argued that the officers' search of the car's trunk without a warrant was lawful on two grounds: (1) as an inventory search, and (2) based on probable cause that the car contained contraband or evidence of a crime. The prosecution's opposition memorandum did not set forth the specific requirements for a valid inventory search and summarily argued, "After the arrest, the officers decided to impound the car Smith had been driving. Accordingly, a search of the car in order to inventory the contents was also lawful."

On March 9 Smith filed a reply to the prosecution's memorandum. Smith argued that he had a legitimate expectation of privacy in the car, including its trunk, and that the officers did not have probable cause to arrest him. He argued: "Since the arrest was illegal, the items found during the warrantless search of the vehicle under either of the justifications put forth by the prosecution, namely, incident to arrest, or as an inventory search prior to impound, are the 'fruit of the poisonous tree' and must be suppressed. [Citations.]"

On March 13 and 22 the trial court held an evidentiary hearing on Smith's motion. During the prosecutor's direct examination of Day, the prosecutor stated to the court: "Your Honor, if I may inquire from the court, under-standing, based upon the defense responses, that the defendant is contesting probable cause to arrest, that being the case, I don't intend to go any further with this witness or Officer Avalos as to the search of the vehicle. [¶] I'm either presuming or assuming that there will be a stipulation among the parties as to, after the arrest, there was a search of the trunk, items were found as listed in the pleadings. If that is the case, I need not go any further with Officer Day at this point in time."

The trial court responded: "Let me just indicate that . . . my review of the case law relating to inventory search is that the People have the burden of showing that the search that was conducted was pursuant to a particular police policy which in the words of . . . [*Colorado v. Bertine* (1987) 479 U.S. 367 [107 S.Ct. 738, 93 L.Ed.2d 739]], . . . leaves little discretion as to the scope of the search. So generally, with inventory searches, there is at least some type of testimony regarding what the local police agency policy is. I didn't know if you were planning on presenting such evidence or not."

The prosecutor replied: "Well, my understanding of the defense response is, it consists of two areas. One is with respect to [the] standing claim by the defendant in that he, in fact, had standing with respect to [the] car. [¶] [The] [s]econd argument is that there was no probable cause to arrest. *There is no*

*contention by defense in their responding papers that this was an invalid inventory search* or there was not probable cause to search the vehicle. That being the case, I think that the issues have been narrow[ed], focused just on the probable cause to arrest and standing issue[s]. That is why I brought this to the court's attention.

"Based upon what I read here, . . . defendant's response issue, as far as defense is concerned, is that there was no probable cause to arrest for using or being under the influence. . . . The defense is not contending that the subsequent search was an invalid inventory search. It was not based upon probable cause. The argument that the defense makes is that the search was a fruit of the poisonous tree as [a] result of the arrest and . . . [¶] . . . [¶] . . . therefore, if the arrest is unlawful the search is unlawful. That being the case, *that is why I'm prepared to stop with the testimony right here, not get into the inventory aspect of the search* or probable cause aspect of the search." (Italics added.)

The court stated: "[San Diego County Superior Court] [l]ocal rule 13.1(C)(3) states that *only the factual [and] legal issues set forth in the memorandum, that is the points and authorities, will be considered in ruling on the motion* unless it is established that the new issues were not reasonably discoverable before the motion was filed. *So I think, essentially, that [i.e., the prosecutor's assertion] is a correct statement pursuant to our local rules.*" (Italics added.)

Smith's counsel stated: "Your Honor, I agree with the comments as regard to our focus. However, it seems to me that once there is a stipulation that there was a warrantless search, *the People have the burden of justifying the search.* They have put forth two bases, one being[] incident to arrest and the other being inventory search prior to impound[,] that [have] been raised by their responsive pleading. [¶] It is their burden of proof but I don't intend to go into it because I don't think it is my issue or my burden." (Italics added.)

The trial court responded: "Well, that is what is addressed when a *Williams*-type motion is made. That is simply alleging the lack of warrant. Our local rule was modified . . . to attempt to remedy the potential confusion that could result from a *Williams*-type motion. Rule 13.2, subdivision (C)[(a)(3)] states: 'Defendant must [specify] the precise grounds for suppression of the evidence[,] including the inadequacy of any justification for the search and seizure. If defendant's motion alleges the lack of a warrant as the sole basis for a suppression, the People's opposition shall [specify] the justification for [the] warrantless search. [The] [d]efendant shall [then] file a reply specifying [the] inadequacies of [the] justification. [The] [r]aising of

new issues in [the] reply may constitute good cause for continuance to permit the prosecution to prepare for the hearing.'

"I know that the reason for the requirement of [a] reply brief is the same as the reason for the requirements initially before the *Williams* case came down. It is so that the court could prepare on the issues, research the appropriate law and take the bench knowing what [the] issues are and being aware of the law. Obviously, if *Williams* were construed literally and new cases and new theories were cited to the court for the first time during the hearing, almost every hearing would be a bifurcated hearing because, obviously, with my schedule, I couldn't stop and start reading a list of cases in the middle of the hearing. [¶] . . . [¶]

"Now, I have been trying to compromise on the application of that rule. I know that sooner or later that rule will be tested in the appellate court the same as the previous rule of court was tested in [*People v. Hallman* (1989) 215 Cal.App.3d 1330 [264 Cal.Rptr. 215]]. Nevertheless, as [a] judge, *I'm bound by [the] rules of court. I have to follow them. I'm bound to follow the underlying philosophy that I decide are the issues framed in moving and responsive pleadings. That is what I intend to do in this case. . . .*" (Italics added.)

Following the trial court's statements, the prosecutor presented evidence showing that the officers had probable cause to arrest Smith, but he did not present any evidence that the officers conducted an inventory search on impounding the car or that there was a standardized police policy for conducting inventory searches. At the continued hearing on March 22, Smith presented evidence on whether he had standing to challenge the search of the car and whether the officers had probable cause to arrest him.

After hearing arguments of counsel, the trial court denied Smith's section 1538.5 motion to suppress evidence. It found that Smith had standing to challenge the search of the car and that the officers had probable cause to arrest Smith but lacked probable cause to search the car's trunk. However, because the officers had probable cause to arrest Smith, the court found they properly searched the car to impound and inventory it.

On April 13 Smith filed a supplemental section 1538.5 motion to suppress evidence, arguing: "The issue of whether the officers were acting lawfully, i.e., pursuant to a stated police department policy regarding the searching of closed containers within the vehicle as part of an inventory search was not litigated at the previous hearing because it had not been specifically addressed in the pleadings. It is that issue that the defense now raises for this

Court to consider." In addition to citing legal authorities in support of his argument that the prosecution had the burden to prove that the inventory search, including the opening of closed containers, was conducted pursuant to a standardized police policy, Smith asserted: "In the instant case, as in [*People v. Williams, supra,* 20 Cal.4th 119], the police have no policy or procedures governing inventory searches, particularly with regard to the opening and searching of closed containers. [¶] Also as in *Williams,* it is clear that the inventory search herein is an after-the-fact justification for an illegal search. This becomes evident when the court considers the fact that the officers never did conduct an inventory of the vehicle or its contents once they discovered the methamphetamine." Smith argued that "the police in this case did not conduct a valid inventory search in that it was not pursuant to an existing policy or established routine governing such searches."

On May 1 the prosecution filed a memorandum of points and authorities opposing Smith's supplemental section 1538.5 motion. It argued that Smith "has already had a full and fair suppression motion hearing before this court." It stated: "At the [March 13 and 22] motion hearing, this court denied Smith's motion after conducting an evidentiary hearing. *This court did not allow Smith to raise the issue of the inventory search because he failed to raise it in his reply brief.*" (Italics added.) It argued Smith was entitled to, and had received, his one hearing on his section 1538.5 motion to suppress evidence. It argued no exceptions to the one-motion and hearing rule applied in this case, and Smith "enjoyed a full and fair hearing on his motion, and on the issues he raised by his pleadings." It argued that the court "lack[ed] jurisdiction to rehear the matter."

On May 5 Smith filed a reply to the prosecution's memorandum. Citing section 1538.5, subdivision (i), Smith argued that he had the right to fully litigate the validity of a search or seizure on the basis of evidence presented at a hearing on his motion. He argued: "The [supplemental] hearing will not be a rehearing of previously decided issues, but a hearing on an issue that was raised but was expressly precluded at the previous hearing because it was not specifically responded to in the defense reply brief." Citing *People v. Brooks* (1980) 26 Cal.3d 471 [162 Cal.Rptr. 177, 605 P.2d 1306], he argued that he "merely seeks completion of the previous hearing, where the inventory search issue was raised but not litigated. No testimony or argument was heard on this point, so the pending hearing will not be a duplication of previous evidence." He further argued: "The People's insistence on and the court's acquiescence to form over substance is the reason that the Defendant was compelled to file the instant supplemental suppression motion. The issue of the inventory search was raised as [a] justification by the

People, but the defendant was precluded from litigating this issue at the hearing on the motion because he failed to specifically address this point in the reply brief. The People, having put forth the alleged justification of the inventory search, should have been prepared to defend it in court." Smith noted that although the trial court acknowledged the prosecution had the burden of proof to show the inventory search was conducted pursuant to a particular police policy, the court ruled in the prosecution's favor without any evidence presented by the prosecution to sustain that burden and without allowing the defense an opportunity to address the issue. Although the issue of the inventory search was raised during the hearing, Smith argued "the court disallowed evidence or argument on this point." Smith stated: "The defense does not seek to rehash an already litigated and decided issue, nor assert a new, previously unmentioned basis for suppression. The request currently is to afford the defendant an opportunity for a full hearing on the issues previously raised."

On May 8 the trial court declined to consider Smith's supplemental section 1538.5 motion, finding it had no jurisdiction to consider it.

On May 30 Smith pleaded guilty to one count of possession of methamphetamine for sale and retained his right to appeal the denial of his section 1538.5 motion to suppress. The remaining counts and allegations in the information were dismissed by the prosecution. The trial court granted Smith probation for a period of three years.

Smith timely filed a notice of appeal.

## THE ISSUE

This case requires examination of the interface between section 1538.5, *People v. Williams, supra,* 20 Cal.4th 119, and former San Diego County Superior Court Local Rules, rule 13.2(C)(3)(a).[2] The issue involves the pleading and burden of proof requirements of a section 1538.5 suppression motion. Smith's motion alleged a warrantless search. The prosecution's response to his motion proffered in general terms the justification of an inventory search but did not allege the element of a standardized police policy that is required for a valid inventory search. Smith's reply to the prosecution's response did not challenge the validity of the inventory search by alleging the absence of a standardized police policy. The issue presented

---

[2]Effective July 1, 2001, former San Diego County Superior Court Local Rules, rule 13.2(C)(3)(a) was renumbered as rule 3.8(C)(3)(a). To avoid confusion, we refer to that rule by its former number, rule 13.2(C)(3)(a). All further references to rules in this opinion shall be to San Diego County Superior Court Local Rules unless otherwise specified.

by these facts is whether Smith has preserved for review on appeal the absence of a standardized police policy, which is required to establish the validity of the inventory search. Smith contends that he made a prima facie showing of an unreasonable search by alleging in his motion a warrantless search, and that the prosecution was required in its response to establish all of the elements of an inventory search justification, including the existence of a standardized police policy. Because the prosecution did not meet that burden, Smith was not required in his reply to allege the nonexistence of a standardized police policy. The prosecution contends that it asserted the justification of a warrantless search by generally alleging an inventory search and that it was incumbent on Smith to allege in his reply the nonexistence of a standardized police policy. The prosecution concludes that because Smith did not do so, he did not preserve for appeal the issue of the validity of the inventory search.

### DISCUSSION

### I

### *Section 1538.5 and People v. Williams*

### A

■ The Fourth Amendment of the United States Constitution protects persons against unreasonable searches and seizures. (*People v. Williams, supra,* 20 Cal.4th at p. 125.) A search warrant properly issued by a judicial officer is generally required to ensure that a search or seizure is reasonable and not in violation of the Fourth Amendment. (*Ibid.*) ■ Citing *Colorado v. Bertine, supra,* 479 U.S. 367, *Williams* stated that police have a legitimate interest in taking an inventory of the contents, including closed containers, in vehicles they legally tow and impound, and therefore inventory searches constitute an exception to the search warrant requirement of the Fourth Amendment. (*Williams, supra,* at p. 126.) However, for the inventory search exception to apply, police must follow established standardized procedures. (*Ibid.*) Applying principles set forth in *Florida v. Wells* (1990) 495 U.S. 1 [110 S.Ct. 1632, 109 L.Ed.2d 1], *Williams* concluded: "Here, the record indicates that the police had a policy requiring them to inventory the contents of a vehicle before towing it, but, as in *Wells,* the record contains 'no evidence of any . . . policy on the opening of closed containers.' [Citation.] Of course, *Wells* does not require a *written* policy governing closed containers or a policy that leaves no room for police discretion, but the record must at least indicate that police were following some 'standardized criteria' or 'established routine' when they elected to

open the containers [citation], and the record here fails to do so." (*Williams, supra,* at pp. 126-127.)

Discussing the specificity required in a defendant's motion to suppress evidence seized during a warrantless search, *Williams* stated: "Section 1538.5 governs motions to suppress evidence obtained as a result of a search or seizure." (*People v. Williams, supra,* 20 Cal.4th at p. 127.) Section 1538.5 provides:

"(a)(1) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds: [¶] (A) The search or seizure without a warrant was unreasonable. [¶] . . . [¶]

"(2) A motion pursuant to paragraph (1) shall be made in writing and accompanied by a memorandum of points and authorities and proof of service. The memorandum shall list the specific items of property or evidence sought to be returned or suppressed and shall set forth the factual basis and the legal authorities that demonstrate why the motion should be granted. [¶] . . . [¶]

"(c) Whenever a search or seizure motion is made . . . as provided in this section, the judge or magistrate shall receive evidence on any issue of fact necessary to determine the motion. [¶] . . . [¶]

"(i) . . . [T]he defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial . . . . Any written response by the people to the motion shall be filed with the court . . . . [T]he defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. . . . The superior court shall base its ruling on all evidence presented at the special hearing . . . . After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his or her motion at the special hearing. [¶] . . .[¶]

"(n) . . . Nothing in this section shall be construed as altering . . . (3) the law relating to the burden of proof regarding the search or seizure . . . ."

■ Under section 1538.5 defendants "must do more than merely assert that the search or seizure was without a warrant. The search or seizure must also be unreasonable; that is, it must not fall within any exception to the

warrant requirement. To address properly *both* concepts included in section 1538.5, defendants have the burden of (1) asserting the search or seizure was without a warrant, and (2) explaining why it was unreasonable under the circumstances." (*People v. Williams, supra,* 20 Cal.4th at p. 129.) Although a defendant must inform the prosecution and court of the specific basis for his or her section 1538.5 motion, the defendant need not guess what justification the prosecution will offer for a contested warrantless search or seizure. (*Ibid.*) *Williams* stated: "Because law enforcement personnel, not the defendant, made the decision to proceed without a warrant, they, not the defendant, are in the best position to know what justification, if any, they had for doing so." (*Ibid.*)

■ A defendant meets the initial burden of raising the issue of an unreasonable warrantless search or seizure by "simply assert[ing] the absence of a warrant and mak[ing] a prima facie showing to support that assertion." (*People v. Williams, supra,* 20 Cal.4th at p. 130.) After the defendant sufficiently raises the issue, it is the prosecution's burden to justify a warrantless search or seizure. (*Ibid.*) A defendant then must present any arguments as to why that justification is inadequate. (*Ibid.*) *Williams* notes: "[T]he burden of raising an issue is distinct from the burden of proof. *The prosecution retains the burden of proving that the warrantless search or seizure was reasonable under the circumstances.* [Citations.]" (*Ibid.,* italics added.) It further noted: "In the interest of efficiency, however, defendants need not guess what justifications the prosecution will argue. Instead, they can wait for the prosecution to present a justification. Moreover, in specifying the inadequacy of the prosecution's justifications, defendants do not have to help the prosecution step-by-step to make its case. The degree of specificity that is appropriate will depend on the legal issue the defendant is raising and the surrounding circumstances. Defendants need only be specific enough to give the prosecution and the court reasonable notice. Defendants cannot, however, lay a trap for the prosecution by remaining completely silent until the appeal about issues the prosecution may have overlooked." (*Id.* at pp. 130-131.) "The determinative inquiry in all cases is whether the party opposing the motion had fair notice of the moving party's argument and fair opportunity to present responsive evidence." (*Id.* at p. 135.) A defendant's motion that argues a search or seizure was unreasonable because there was no warrant gives the prosecution fair notice of the defendant's argument. (*Ibid.*)

Although the circumstances in *Williams* involved a section 1538.5 motion to suppress filed in 1996, the court addressed the effect of the 1997 amendments to section 1538.5: "In 1997, the Legislature amended section 1538.5, redesignating subdivision (a) as (a)(1) and adding (a)(2), which provides: 'A

motion pursuant to paragraph (1) shall be made in writing and accompanied by a memorandum of points and authorities . . . [, which] shall set forth *the factual basis and the legal authorities* that demonstrate why the motion should be granted.' [Citation.] This amendment was one among many that relate primarily to the timing of a motion to suppress. [Citation.] Therefore, the amendment has no direct bearing on the issue we decide here. Moreover, the amendment merely begs the question: In setting forth 'the factual basis and the legal authorities' that support a motion to suppress, how specific must defendants be?

"Consistent with section 1538.5, subdivision (a)(2), we hold that when defendants move to suppress evidence, they must set forth the factual and legal bases for the motion, but they satisfy that obligation, at least in the first instance, by making a prima facie showing that the police acted without a warrant. The prosecution then has the burden of proving some justification for the warrantless search or seizure, after which, defendants can respond by pointing out any inadequacies in that justification. [Citation.] Defendants who do not give the prosecution sufficient notice of these inadequacies cannot raise the issue on appeal." (*People v. Williams, supra,* 20 Cal.4th at pp. 135-136.) *Williams* stated: "[I]n the case of a warrantless search or seizure, defendants are not *required* to anticipate the prosecution's justifications. Law enforcement personnel, not defendants, are in the best position to know what justification, if any, they had for proceeding without a warrant. Therefore, defendants who do not know, and hesitate to guess, what justification the prosecution might offer can simply await the prosecution's argument and evidence, and then respond with specific objections." (*Id.* at p. 136.) *Williams* noted that although a defendant should be allowed to file a written response to the prosecution's justification, the *"defendant could also have waited until after the hearing and challenged the prosecution's proof of its* justification, at which point a court should grant a continuance if necessary to allow the prosecution to offer additional evidence." (*Id.* at p. 134, italics added.) *Williams* further noted that: "[T]he prosecution should avoid the 'trap' of simply responding to the defendant's arguments and then resting. [Citation.] *The prosecution has the burden of proving a justification for a warrantless search or seizure,* not merely refuting the defendant's arguments for why its justification is inadequate. [Citations.]" (*Id.* at pp. 136-137, italics added.)

In the circumstances of *Williams,* the court concluded that the defendant's brief sufficiently put the prosecution on notice that it had to justify its purported inventory search by proving the warrantless search was conducted pursuant to a policy specifically governing the opening of closed containers. (*People v. Williams, supra,* 20 Cal.4th at p. 137.) *Williams* noted: "[*T*]*he*

*prosecution must always prove the existence of a policy supporting an inventory search. . . .* [¶] Because of the risk that an inventory search will be 'a ruse for a general rummaging,' a risk that this case particularly exemplifies, a valid inventory search must adhere to a preexisting policy or practice. [Citation.] This rule may require the prosecution to prove more than the existence of some general policy authorizing inventory searches; when relevant, the prosecution must also prove a policy or practice governing the opening of closed containers encountered during an inventory search. [Citation.]" (*Id.* at p. 138, italics added.) *Williams* concluded the prosecution in that case did not meet its burden of proof. (*Ibid.*)

B

The People assert that section 1538.5, subdivision (a)(2), which was added by amendment in 1997, is ambiguous on the degree of factual specificity required in the defendant's section 1538.5 motion and therefore we must interpret the legislative intent underlying that statutory amendment.[3] The People's brief argues that the statutory language requiring a suppression motion to "set forth the factual basis and the legal authorities that demonstrate why the motion should be granted" (§ 1538.5, subd. (a)(2)) is inherently ambiguous "because it does not unequivocally explain what the pleadings must contain, nor does it plainly state whether the defendant's entire pleading burden must be met in the first pleading or in some responsive pleading." The People argue *Williams* noted that ambiguity when it commented: "[T]he amendment merely begs the question: In setting forth 'the factual basis and the legal authorities' that support a motion to suppress, how specific must defendants be?" (*People v. Williams, supra,* 20 Cal.4th at p. 135.)

■ We conclude that the language of section 1538.5, subdivision (a)(2) is *not* ambiguous and does *not* require a review of its legislative intent. Statutory language is ambiguous when it is susceptible to more than one reasonable interpretation. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441]; *Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744 [38 Cal.Rptr.2d 650, 889 P.2d 970].) However, section 1538.5, subdivision (a)(2)'s language is *not* susceptible to more than one reasonable interpretation. That language simply requires a defendant's brief to "set forth the factual basis and the legal authorities that demonstrate why the motion should be granted." (§ 1538.5, subd. (a)(2).) Although, as *Williams* notes, the statute does not set forth how specific those factual and legal bases must be, that lack of specificity does not make the statute ambiguous.

---

[3]We took judicial notice of various documents that the People cited in support of their suggested interpretation of section 1538.5, subdivision (a)(2).

Rather, the degree of specificity required for briefs in support of section 1538.5 motions depends on the circumstances in each individual case and therefore must be determined on a case-by-case basis. A court must consider the circumstances in a particular case to determine whether a brief is sufficiently specific in setting forth factual and legal bases in support of a suppression motion. If a prima facie case is established showing a motion should be granted, then the brief necessarily is sufficiently specific. *Williams* stated: "[W]hen the basis of a motion to suppress is a warrantless search or seizure, the requisite specificity is generally satisfied, *in the first instance*, if defendants simply assert the absence of a warrant and make a prima facie showing to support that assertion." (*People v. Williams, supra*, 20 Cal.4th at p. 130.) *Williams* further stated: "The degree of specificity that is appropriate will depend on the legal issue the defendant is raising and the surrounding circumstances. Defendants need only be specific enough to give the prosecution and the court reasonable notice." (*Id.* at pp. 130-131.) Therefore, section 1538.5, subdivision (a)(2) is *not* ambiguous because it does not set forth the specificity required for a defendant's factual and legal bases in support of a suppression motion. Rather, the requisite specificity depends on the circumstances in each case.[4]

## C

The People concede that the suppression motion procedures set forth in *Williams* and section 1538.5, subdivision (a)(2) are largely reconcilable. Both *Williams* and section 1538.5, subdivision (a)(2) require a defendant to plead specific facts in an initial brief, but do not require a defendant to anticipate what justifications the prosecution may advance for a warrantless search. ▮ However, the People assert section 1538.5, subdivision (a)(2), unlike *Williams*, requires a defendant to identify in an initial brief the specific intrusions contested by the defendant. They argue that section 1538.5, subdivision (a)(2) requires a defendant in an initial brief to show why a warrantless search was unreasonable by identifying the contested intrusions.

We conclude that section 1538.5, subdivision (a)(2) and *Williams* are completely reconcilable and *Williams* requires no lesser showing in a defendant's initial brief than does the statute. Both require that a prima facie case be made in the defendant's initial brief, and that the brief identify the specific items to be suppressed and the factual and legal bases for suppression of those items. Therefore, both require a defendant initially to identify

---

[4]Because we conclude section 1538.5, subdivision (a)(2) is not ambiguous, we do not consider the documents lodged or the Georgia and New York statutes and cases cited by the People in support of their suggested interpretation of that statute.

the contested "intrusions"—whether that term means the items wrongfully obtained during a search or seizure, or the specific theory of the alleged unconstitutional search or seizure (e.g., an unreasonable search without a warrant).

The People also assert, and we assume, *Williams*'s discussion of section 1538.5, subdivision (a)(2) was dicta because the facts in *Williams* involved a 1996 search and suppression motion hearing, both of which occurred before the effective date of the 1997 amendment adding section 1538.5, subdivision (a)(2). ■ Although dicta of the California Supreme Court does not control our decisions, it "carries persuasive weight and should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic. [Citations.]" (*Smith v. County of Los Angeles* (1989) 214 Cal.App.3d 266, 297 [262 Cal.Rptr. 754].) Because *Williams*'s discussion of section 1538.5, subdivision (a)(2) is persuasive and demonstrates compelling logic, we adopt its reasoning and apply it in this case. Furthermore, because the People do not show, and we do not perceive, any meaningful difference between *Williams* and section 1538.5, subdivision (a)(2) on the rules for suppression motions, there is no reason for us to ignore the principles set forth in *Williams* for section 1538.5 suppression motions.

■ We conclude that under section 1538.5, subdivision (a)(2) and *Williams*, a defendant making a section 1538.5 suppression motion satisfies the defendant's initial pleading burden by alleging a warrantless search together with facts and authorities showing the search was made without a warrant, and that without a warrant the search was illegal. The prosecution may respond by alleging the existence of a warrant or that the warrantless search was justified on one or more grounds, including the ground of a valid inventory search. The defendant may then file a reply challenging the prosecution's justification. However, regardless of whether the defendant files a reply, the prosecution retains the burden of proof to establish its justification, and its burden of proof is not eliminated or diminished by the absence of the defendant's reply. ■ By asserting an inventory search justification in its response, the prosecution has placed that justification in issue and the prosecution and the court are on reasonable notice of the issue, even if the defendant does not file a reply. The trial court therefore erred by denying Smith's section 1538.5 motion on the ground that Smith did not in his reply assert there was no standardized police inventory search policy. Once the justification of an inventory search was raised by the prosecution, the burden of establishing a standardized police policy remained with the prosecution; and by not producing evidence of that policy, the inventory search justification for a warrantless search was not sustained. The position of the dissent relieves the prosecution of its burden to prove the inventory search justification for a warrantless search.

## II

### *Local Rule 13.2(C)(3)(a)*

Smith contends that the trial court erred in interpreting and applying rule 13.2(C)(3)(a) in this case.

Rule 13.2(C)(3) provides:

"[Section 1538.5] Motions made in all other felony and misdemeanor cases.

"a. Defendant must specify the precise grounds for suppression of the evidence, including the inadequacy of any justification for the search and seizure. *If defendant's motion alleges the lack of a warrant as the sole basis for suppression, the People's opposition shall specify the justification for the warrantless search. The defendant shall then file a reply specifying the inadequacies of the justification.* Any such reply brief must be personally served at least two court days prior to the hearing. The raising of new issues in the reply may constitute good cause for continuance to permit the prosecution to prepare for the hearing." (Italics added.) ▮ Government Code section 68070[5] generally authorizes courts to create local procedural rules, but those local rules may not be inconsistent with state statutes, California Rules of Court, or case law. (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1084-1085 [94 Cal.Rptr.2d 575]; *Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc.* (1998) 65 Cal.App.4th 1131, 1134-1135 [76 Cal.Rptr.2d 918]; *Lokeijak v. City of Irvine* (1998) 65 Cal.App.4th 341, 344 [76 Cal.Rptr.2d 429]; *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203].) Although courts have "inherent power to control litigation before them" and can formulate rules of procedure to manage their proceedings, " 'trial judges have no authority to issue courtroom local rules [that] conflict with any statute' or are 'inconsistent with law.' [Citations.]" (*Rutherford, supra*, at p. 967.) Therefore, rule 13.2(C)(3)(a) is a valid local rule only to the extent it is not inconsistent with section 1538.5, *Williams*, or other applicable statute or case law.

▮ Smith argues rule 13.2(C)(3)(a), as interpreted by the trial court, is inconsistent with section 1538.5 and *Williams* to the extent it *requires* the prosecution to file a responsive brief setting forth its justification for a

---

[5]Government Code section 68070, subdivision (a) provides: "Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council. . . ."

warrantless search and *requires* the defendant to file a reply brief specifying the inadequacies of the prosecution's justification. In contrast to rule 13.2(C)(3)(a), section 1538.5 and *Williams* require only that the defendant file an initial brief setting forth the factual and legal bases showing why the suppression motion should be granted. Although it usually is advisable for the prosecution to file a responsive brief setting forth a justification for a warrantless search or seizure, neither section 1538.5 nor *Williams* requires the prosecution to do so. (*People v. Britton* (2001) 91 Cal.App.4th 1112, 1116-1118 [111 Cal.Rptr.2d 199] [holding that the defendant's due process rights are not violated by permitting the prosecution to respond orally rather than in writing to a § 1538.5 suppression motion].) Furthermore, if the prosecution files a responsive brief, neither section 1538.5 nor *Williams* requires the defendant to file a reply brief showing the inadequacies of its justification although it usually would be advisable for the defendant to do so.

However, in our view, rule 13.2(C)(3)(a)'s requirement of responsive and reply briefs is not inconsistent with section 1538.5 or *Williams* because, properly applied, it effects a permissible local pleading requirement without depriving a defendant or the prosecution of the right to fully litigate the validity of a search or seizure under *Williams* and section 1538.5. Rule 13.2(C)(3)(a) provides a context and sequence for pleadings in a section 1538.5 motion but does not specify the consequences for not filing those pleadings. The trial court has the authority as set forth in rule 13.2(C)(3)(a) to control its procedures and require the filing of responsive and reply briefs. However, in our view the failure to file these pleadings does not result in a waiver by the prosecution to assert a justification for the search, a waiver by the defendant to challenge the prosecution's justification, or a change in the prosecution's burden of proof to establish the justification.

In this case, the trial court agreed with the prosecution that Smith did not show in his reply brief the inadequacy of the prosecution's inventory search justification, and therefore the prosecution was not required to show that the police conducted a valid inventory search of the car's trunk and closed containers found in it. The trial court ruled in effect that Smith's noncompliance with rule 13.2(C)(3)(a) permitted the prosecution to avoid its usual burden of proof to show the validity of the inventory search and precluded Smith from challenging the prosecution's inventory search justification. In so doing, the trial court incorrectly interpreted and applied rule 13.2(C)(3)(a) in the circumstances of this case. Section 1538.5 and *Williams* provide a defendant with the *right* to fully litigate the validity of a search or seizure on the basis of evidence presented at a special hearing on a suppression motion

if the defendant files an initial brief making a prima facie case.[6] Therefore, rule 13.2(C)(3)(a) should not have been interpreted by the trial court to deprive Smith of his right to fully litigate the validity of the search of the car's trunk and closed containers in it, including challenging the prosecution's inventory search justification, merely because he did not file a reply brief, or to relieve the prosecution of its burden to establish the full justification for that search. (Cf. *Thatcher v. Lucky Stores, Inc., supra,* 79 Cal.App.4th at p. 1086; *Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc., supra,* 65 Cal.App.4th at p. 1135; *Lokeijak v. City of Irvine, supra,* 65 Cal.App.4th at p. 344.)

Rule 13.2(C)(3)(a) required Smith to file a reply brief. However, that rule cannot reasonably be interpreted as imposing the extreme sanction of depriving Smith of his right to fully litigate and challenge the prosecution's justifications for the warrantless search at an evidentiary hearing or relieving the prosecution's burden of proof. That rule does not expressly provide for such a sanction for noncompliance with its pleading requirements and, if it did, it would contravene section 1538.5 and *Williams.* Although rule 3.7(C)(3), formerly numbered rule 13.1(C)(3), generally provides for all types of motions that "[o]nly the factual and legal issues set forth in the memorandum [of points and authorities] will be considered in the ruling on the motion," that rule does not expressly apply to reply briefs and would be invalid as inconsistent with section 1538.5 and *Williams* were it interpreted as stringently as the People assert. Available sanctions for noncompliance with rule 13.2(C)(3)(a) include granting the prosecution or defendant a continuance or imposing a fine or contempt citation on counsel who do not comply. The dissent's interpretation of rule 13.2(C)(3)(a), *Williams,* and section 1538.5 imposes a constitutional right forfeiture sanction on the defendant for not filing a reply and relegates the defendant's constitutional rights under the Fourth Amendment to an issue of pleadings rather than substance, in the process relieving the prosecution of its burden of proof. We conclude rule 13.2(C)(3)(a) provides for a permissible sequence and content of pleadings in section 1538.5 motions but does not alter the substantive law of section 1538.5 and *Williams* relating to the burden of raising issues and the burden of proof.

---

[6]Smith clearly made a prima facie case for suppression in his initial brief. He argued the search was conducted without a warrant in violation of his Fourth Amendment rights. (*People v. Williams, supra,* 20 Cal.4th at pp. 129-131, 135-136.) Smith was not required to guess in his initial brief what justifications the prosecution would offer for the search. (*Ibid.*) Smith also was not required to file a reply brief setting forth the inadequacies of the prosecution's justifications offered in its responsive brief. Rather, Smith could "simply await the prosecution's argument and evidence [presented at the special hearing on the suppression motion], and then respond with specific objections." (*Id.* at p. 136.) The prosecution continued at all times to bear the burden to prove its justification for the warrantless search. (*Id.* at pp. 136-137.)

## III

### *The Trial Court Also Erred by Rejecting Smith's Supplemental Section 1538.5 Motion*

Smith contends the trial court also erred by rejecting his supplemental section 1538.5 motion without conducting a full hearing. He asserts that his supplemental motion did not seek to relitigate matters decided at the first hearing, but only to obtain a full hearing on issues erroneously precluded by the court at the first hearing.

### A

Smith's supplemental section 1538.5 motion sought a full hearing on the issue of the inventory search, which was previously raised but not fully litigated because the trial court erroneously precluded evidence and argument on that issue based on Smith's failure to address it in his reply brief. The trial court declined to consider Smith's supplemental section 1538.5 motion, finding it had no jurisdiction to consider it.

### B

*Madril v. Superior Court* (1975) 15 Cal.3d 73, 77-78 [123 Cal.Rptr. 465, 539 P.2d 33], stated: "[D]etermination of a [section] 1538.5 motion at a special hearing in the superior court—whether in the defendant's or in the People's favor—deprives the court of jurisdiction to reconsider the matter unless the People, pursuant to subdivision (j), seek to reopen the matter *at trial* upon a showing of good cause." ▮ However, there are exceptions to that general rule barring reconsideration of suppression motions, including circumstances in which a defendant is denied the right to fully litigate the motion at a hearing. (*People v. Ramirez* (1992) 6 Cal.App.4th 1583, 1589, fn. 4 [8 Cal.Rptr.2d 529] ["Under the current law, a defendant is entitled to renew a suppression motion in the trial court . . . where defendant was not afforded a full and fair opportunity to litigate the issues raised in the original motion . . . ."].) In *People v. Brooks, supra,* 26 Cal.3d 471, 474, the trial court precluded evidence on a second issue after granting a motion to suppress based on evidence received on the first issue. After the trial court's order granting the motion based on the first issue was reversed by the Court of Appeal, the trial court on remand heard evidence on the second issue and again granted the defendant's suppression motion. (*Id.* at pp. 474-475.) The People appealed, arguing that the trial court did not have jurisdiction to receive evidence on and decide the second issue. (*Id.* at p. 475.) *Brooks* held: "[D]efendant was deprived of an opportunity for a full hearing on the merits

of his entire motion to suppress as initially made. Consequently the renewed hearing amounted to neither consideration of a second section 1538.5 motion nor a relitigation of his original motion, but rather a completion of the full hearing to which he was entitled." (*Id.* at p. 481.) It also concluded: "[T]he record clearly reveals that defendant, the People, and the trial court at all times fully comprehended the existence of alternative grounds for the suppression of evidence seized pursuant to the search warrant." (*Ibid.*) *Brooks* distinguished its facts from those in *Madril*: "[I]n *Madril* the People sought a second opportunity to convince the court of the merits of the position urged by them in the first hearing. . . . [T]he second hearing[] [was] properly characterized as relitigation of matters that the parties had opportunity to fully air in the first hearing[]." (*Brooks,* at p. 478.)

The circumstances in this case are sufficiently similar to those in *Brooks* to persuade us that Smith is entitled to a second hearing limited to the submission of evidence and presentation of oral argument on the issue of the validity of the prosecution's justification of an inventory search. The trial court accepted the prosecution's argument that Smith in effect waived his challenge to its inventory search justification by not specifically setting forth the inadequacies of that justification in his reply brief. As we concluded in part II, *ante,* the trial court erred in so interpreting rule 13.2(C)(3)(a) by allowing the prosecution to avoid its usual burden of proof to show the validity of its inventory search justification, and by precluding Smith from challenging the adequacy of that justification. Like the defendant in *Brooks,* Smith "was deprived of an opportunity for a full hearing on the merits of his entire motion to suppress." (*People v. Brooks, supra,* 26 Cal.3d at p. 481.) Because of the trial court's ruling at the hearing, the prosecution did not present any evidence showing the validity of its inventory search justification and Smith was precluded from challenging the adequacy of that justification. ▮▮▮ Because Smith was entitled to fully litigate the adequacy of the prosecution's inventory search justification, the trial court erred by denying Smith's supplemental section 1538.5 motion that specifically set forth this infringement of his right to a full hearing.

C

On remand of this matter, the trial court shall conduct a special hearing and allow the prosecution to present evidence on the validity of its inventory search justification, including evidence on any standardized police policy or practice for conducting searches of impounded cars and closed containers in them. The court also shall allow Smith to challenge the adequacy of that justification by showing the prosecution did not meet its burden of proof or

by showing other inadequacies. If after that hearing the trial court finds the prosecution met its burden to prove the search of the car's trunk and closed containers in it was justified as a valid inventory search, the court shall reenter its original judgment. However, if the trial court finds the prosecution did not meet that burden of proof and the search was not so justified, it shall grant Smith's motion to suppress and allow him to withdraw his plea of guilty if he so elects.[7]

DISPOSITION

The judgment is reversed and the matter is remanded with directions for further proceedings consistent with this opinion.

Nares, J., concurred.

**BENKE, Acting P. J.**—I respectfully dissent.

The majority, citing Penal Code section 1538.5 and *People v. Williams* (1999) 20 Cal.4th 119 [83 Cal.Rptr.2d 275, 973 P.2d 52] (*Williams*), essentially concludes that a defendant fully satisfies his burden of raising an issue when he asserts in his motion that the subject search was conducted without a warrant. Thus, the majority states that once the prosecution has replied to the motion and asserted reasonable justifications for the warrantless search, "The defendant *may* then file a reply challenging the prosecution's justification. However, regardless of whether the defendant files a reply, the prosecution retains the burden of proof to establish its justification, and its burden of proof is not eliminated or diminished by the absence of the defendant's reply." (Maj. opn., *ante*, at p. 300, italics added.) I believe such conclusion is contrary to the teaching of *Williams*. I conclude that generally the defense is required by *Williams* to reply to the prosecution's response and assert with reasonable specificity why the People's claimed justification is lacking.

The intent of *Williams* and Penal Code section 1538.5 is to establish a motion procedure which not only properly assigns the burden of going forward and the burden of proof but also promotes the efficient presentation and correct resolution of suppression issues. Central to understanding the nature of that procedure is *Williams*'s observation that the defendant's burden of going forward is made up of two elements. The defendant has the burden of "(1) asserting the search or seizure was without a warrant, and (2)

---

[7]Because the trial court's error deprived Smith of his right to fully litigate his suppression motion, outright reversal of the judgment without allowing the prosecution the opportunity to meet its burden of proof would be inappropriate in the circumstances of this case.

explaining why it was unreasonable under the circumstances." (*Williams, supra,* 20 Cal.4th at p. 129.)

The majority errs because it misinterprets the second element of the defendant's burden. In this respect, *Williams* notes that the defendant's burden of going forward requires it to "precisely pinpoint the subject matter" of what the prosecution must prove in justifying the search. (*Williams, supra,* 20 Cal.4th at p. 129.) *Williams* observes that in initially filing its Penal Code section 1538.5 motion, the defense is required only to satisfy the first step of that precise pinpointing, i.e, to assert that the search was conducted without a warrant. *Williams* states: "Therefore, when the basis of a motion to suppress is a warrantless search or seizure, the requisite specificity is generally satisfied, *in the first instance,* if defendants simply assert the absence of a warrant and makes a prima facie showing to support that assertion." (*Williams,* at p. 130.) That the defense need meet only the first prong of its burden "in the first instance," i.e, in its initial motion, is reasonable since until the prosecution in its response states a justification for the warrantless search, it would be inefficient and impractical to require the defense to meet the second prong of its burden, i.e, that the search was unreasonable under the circumstances. (*Id.* at p. 129.)

Once the prosecution states the claimed justification for the warrantless search, however, the second prong of the defense's burden of going forward arises. *Williams* states "once the prosecution has offered a justification for a warrantless search or seizure, defendant *must* present any arguments as to why that justification is inadequate. [Citation.]" (*Williams, supra,* 20 Cal.4th at p. 130, italics added.) The court notes that "if defendants detect a critical gap in the prosecution's proof or a flaw in its legal analysis, they *must* object on that basis to admission of the evidence or risk forfeiting the issue on appeal." (*Ibid.,* italics added.)

I read *Williams* in the context of the present case to require the defense to reply to the prosecution's stated justification for the warrantless search by arguing how that justification is wanting. Until that is done the precise issue on which the prosecution bears the burden of proof has not been identified and the defense has not satisfied its burden of raising the issue.

I emphasize that the core issue is one of notice and specificity and not timing or writ procedure. Thus, in *Williams* the court found that the prosecution was adequately placed on notice of the defense claim that the inventory search was improper when that claim was asserted with specificity and precision in the Penal Code section 1538.5 motion itself. (*Williams, supra,* 20 Cal.4th at pp. 127, 137.) At no time in the present case did the defense argue any inadequacy in the inventory search procedure.

I also do not agree with the majority that former San Diego County Superior Court Local Rules, rule 13.2(C)(3)(a),[1] as applied, conflicts with Penal Code section 1538.5 or *Williams*. The rule merely requires a reply to be filed by the defense before the hearing to allow the most efficient and effective presentation of the issues and to avoid the need for continuances. Without a sanction for failure to comply the rule would be nothing more than an empty request. It would, in short, not be a rule at all. The local rule is not onerous and denies nothing to those who simply comply with its reasonable dictates. The rule supports the policy of clarity and efficiency that is the basis for *Williams* and was properly applied.

In my view, the defense response to the prosecution's justification for the warrantless search was inadequate and the trial court properly denied the Penal Code section 1538.5 motion.

A petition for a rehearing was denied February 7, 2002, and respondent's petition for review by the Supreme Court was denied April 10, 2002. George, C. J., did not participate therein.

---

[1](See maj. opn., *ante*, at p. 293, fn. 2.)