Filed 6/28/16  P. v. Williams CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B269820 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA080619) |
| v. | |
| THEO WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Thomas Rubinson, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Following a plea of no contest to second-degree robbery and admission of a gun allegation, defendant Theo Williams was sentenced to six years in state prison. He appeals from the judgment of conviction after the denial of a motion to suppress evidence under Penal Code section 1538.5.[1] Counsel for Williams has filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)) raising no arguable issues. Williams was apprised of his right to file a supplemental brief but has not done so. Upon review of the record for potential error, we conclude no arguable issues are presented for review and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2014, at approximately 1:50 a.m., Los Angeles police officers received a radio call reporting a robbery involving a gun. According to the radio call, the suspects fled in a red Cadillac with paper plates on Sepulveda Boulevard in the San Fernando Valley. Shortly after the radio call, a Los Angeles Fire Department ambulance radioed that it was following the red Cadillac northbound on Sepulveda Boulevard. The ambulance continued to follow the car until police caught up with the Cadillac and conducted a traffic stop.

After the traffic stop, the car's three occupants--Williams, Robert Brown, and the driver, Brenda Clark--were pulled out of the car and handcuffed against a wall. A few minutes later, the robbery victim was brought to the scene and identified all three occupants as being involved in the robbery. While the police were searching the trunk of the car, they found a semiautomatic gun wedged between the rear passenger seat and the trunk. Although the interior of the car was searched before the victim was brought to the scene, the search of the trunk of the car--and the discovery of the gun--did not occur until after Williams and the other occupants of the car had been identified by the victim.

By information filed on June 3, 2015, Williams was charged with second-degree robbery in violation of section 211. It was also alleged he personally used a handgun

---

[1] All undesignated statutory references are to the Penal Code.

2

within the meaning of section 12022.53, subdivision (b). Williams filed a motion to suppress evidence which was heard on August 6, 2015. The trial court denied the motion, finding the automobile exception to the warrant requirement and the doctrine of inevitable discovery allowed it to consider the seized evidence.

On October 7, 2015, Williams pled no contest to second-degree robbery and admitted a newly-added, but less serious, gun allegation under section 12022.5, subdivision (a). The court sentenced him to a total of six years in state prison. The court imposed the midterm of three years for the robbery conviction, and a consecutive low term of three years for the gun allegation. The remaining allegations were dismissed on the prosecutor's motion.

## DISCUSSION

Section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under section 1538.5, subdivision (m); and (2) post-plea sentencing issues. (*People v. Shelton* (2006) 37 Cal.4th 759, 766.) Here, Williams appealed without a certificate of probable cause. Therefore, our review is limited to the court's search and seizure ruling and post-plea sentencing issues.

The trial court properly denied Williams' motion to suppress. The automobile exception to the warrant requirement of the Fourth Amendment makes it lawful to search a readily mobile vehicle, without a warrant or consent, upon probable cause to believe that the vehicle contains contraband or evidence of a crime. (*Pennsylvania v. Labron* (1996) 518 U.S. 938, 940.). Here, it was undisputed that the robbery involved the use of a gun, the suspects fled the scene of the crime in a distinctive red Cadillac with paper plates, and the victim identified Williams and the other occupants of the car as being involved in the robbery. Further, even if the police did not have probable cause to conduct a warrantless search of the car, pursuant to the doctrine of inevitable discovery, the seizure of the handgun was justified. Under this doctrine, although

3

evidence obtained through illegal actions is inadmissible, where the court finds the challenged evidence would have been eventually secured through legal means regardless of the improper conduct, the inevitable discovery exception allows the evidence to be admitted. (*People v. Superior Court* (*Tunch*) (1978) 80 Cal.App.3d 665, 673.) Because the police had a legitimate interest in taking an inventory of the contents of the Cadillac, it was inevitable the gun would have been discovered during the course of an inventory search of the car. (*People v. Smith* (2002) 95 Cal.App.4th 283, 294.) As for Williams' state prison sentence, there is no basis for vacating the agreed-upon and lawfully imposed six year sentence.

## DISPOSITION

We have examined the entire record and are satisfied Williams' counsel has complied fully with his responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *Wende*, *supra*, 25 Cal.3d at p. 443.)  The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.

HOGUE, J.[*]

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.