[No. G027492. Fourth Dist., Div. Three. May 22, 2002.]

In re JUSTIN K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JUSTIN K., Defendant and Appellant.

696

COUNSEL

Michael R. Totaro, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Carl H. Horst and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEDSWORTH, J.**—Following the denial of his motion to suppress, Justin K. admitted driving under the influence of alcohol. He contends his due process rights were violated because the prosecution did not file written opposition to his motion. He also contends his motion had merit. We disagree with both contentions and affirm the judgment.

On the evening of March 18, 2000, Tustin Police Officer Mark Sauerwein noticed Justin driving a 1988 Buick Regal. Although the two brake lights above the bumper of the car were working, the third brake light located in the rear window was not. Because of this, Sauerwein pulled Justin over for an "equipment violation." During the stop, Justin exhibited several symptoms of intoxication. He also failed a field sobriety test, admitted drinking a large quantity of alcohol, and blew a .17 on his breath test.

The prosecution charged Justin with driving under the influence of alcohol and driving with a blood-alcohol level of .08 percent or more. Before trial, Justin moved to suppress the evidence of his intoxication on the ground Sauerwein lacked justification to stop his vehicle. He acknowledged the third brake light on his car was not working, but he claimed that was immaterial because his other brake lights were. In other words, Justin argued the Vehicle Code only required his car to have two working brake lights. The prosecution did not file written opposition to Justin's motion, but shortly before the motion hearing it did provide defense counsel with federal materials pertaining to the safety standards for vehicle brake lights.

At the hearing, Justin's attorney asked the court to construe the prosecution's failure to file written opposition as a concession, or, alternatively, prohibit the prosecution from making any argument in opposition to the motion. The court denied the request and entertained argument from both parties. In the end, it determined Sauerwein had probable cause to stop Justin due to his faulty brake light. It therefore denied Justin's motion to suppress. Thereafter, Justin admitted driving under the influence of alcohol and was placed on supervised probation.

I

Relying on *People v. Williams* (1999) 20 Cal.4th 119 [83 Cal.Rptr.2d 275, 973 P.2d 52], Justin contends the prosecution's failure to file written opposition to his motion denied him due process. But *Williams*

speaks to the *defendant's* obligations with respect to raising and preserving search and seizure issues for appellate review. (*Id.* at p. 123.) The case does not require the prosecution to file written opposition to a suppression motion. Nor does Welfare and Institutions Code section 700.1, the statutory provision governing such motions in juvenile cases.[1] We therefore find "the traditional core elements of due process are not adversely affected by permitting the prosecution to respond orally to a motion to suppress." (*People v. Britton* (2001) 91 Cal.App.4th 1112, 1117 [111 Cal.Rptr.2d 199].)

## II

The remaining question is whether Justin was lawfully stopped. For the answer, we look to the Vehicle Code.[2] It provides that "All lighting equipment of a required type installed on a vehicle shall at all times be maintained in good working order." (§ 24252, subd. (a).) Brake lights, or "stoplamps" as they are referred to in the Vehicle Code, are included within the definition of lighting equipment. (§ 375, subd. (a).) Accordingly, we must determine whether the stoplamp in Justin's rear window was required. If so, Sauerwein was legally entitled to stop Justin because the stoplamp was not in "good working order." (§§ 2804, 2806.)

The general requirements respecting stoplamps are set forth in section 24603. Pursuant to that section, every car registered on or after January 1, 1958, "shall be equipped with two stoplamps." (§ 24603, subd. (b).) Specifically, "at least one [of the stoplamps] shall be mounted at the left and one at the right side, respectively, at the same level." (*Id.*, subd. (d).) Section 24603 additionally provides that a "supplemental stoplamp *may* be mounted inside the rear window of a vehicle[.]" (*Id.*, subd. (g), italics added.) If a supplemental stoplamp is installed after January 1, 1987, it "shall comply with Federal Motor Vehicle Safety Standard No. 108 (49 C.F.R. 571.108)." (*Id.*, subd. (h).)

---

[1] That provision states, "Any motion to suppress as evidence any tangible or intangible thing obtained as a result of an unlawful search or seizure shall be heard prior to the attachment of jeopardy and shall be heard at least five judicial days after receipt of notice by the people unless the people are willing to waive a portion of this time. [¶] If the court grants a motion to suppress prior to the attachment of jeopardy over the objection of the people, the court shall enter a judgment of dismissal as to all counts of the petition except those counts on which the prosecuting attorney elects to proceed pursuant to Section 701. [¶] If, prior to the attachment of jeopardy, opportunity for this motion did not exist or the person alleged to come within the provisions of the juvenile court law was not aware of the grounds for the motion, that person shall have the right to make this motion during the course of the proceeding under Section 701."

[2] All further statutory references are to the Vehicle Code.

The Legislature's use of the term "may" in section 24603, subdivision (g) indicates it did not intend to make supplemental stoplamps required equipment under that section. (See § 15 [may is permissive].) However, the Legislature has also authorized the Department of the California Highway Patrol to adopt regulations establishing standards and specifications for stoplamps. (§ 26103, subd. (a).) In lieu of establishing its own standards and specifications, the department has expressly adopted the federal safety standards applicable to stoplamps. (Cal. Code Regs., tit. 13, § 621.)

As Justin admits, federal safety standards require his car to have a supplemental stoplamp. (See 49 C.F.R. § 571.108, S5.1.1.27, S5.3.1.8 & table III (2002).)[3] Nonetheless, he asserts those standards are irrelevant to the question of whether he was lawfully stopped because Officer Sauerwein did not "express any knowledge of federal law" during the suppression hearing and "had no idea if state or federal law applied." However, Sauerwein's subjective understanding of the statutory scheme respecting stoplamps is not dispositive of the legality of his actions. So long as his conduct was objectively reasonable under existing law, no Fourth Amendment violation will be found. (See *Arkansas v. Sullivan* (2001) 532 U.S. 769 [121 S.Ct. 1876, 149 L.Ed.2d 994]; *Whren v. United States* (1996) 517 U.S. 806 [116 S.Ct. 1769, 135 L.Ed.2d 89].)

*U.S. v. Wallace* (9th Cir. 2000) 213 F.3d 1216 aptly illustrates this point. In that case, an officer stopped the defendant's car on the belief that any tinting of a vehicle's front windows was illegal. That belief was incorrect, but as it turned out, the tinting on the defendant's car was darker than the law allows. The issue before the Ninth Circuit Court of Appeals was whether the officer's misunderstanding of the law rendered the stop unlawful. The court found, "That Leiber [the officer] had the mistaken impression that all front-window tint is illegal is beside the point. Leiber was not taking the bar exam. The issue is not how well Leiber understood California's window tinting laws, but whether he had objective, probable cause to believe that these windows were, in fact, in violation. The undisputed facts show that he did." (*Id.* at p. 1220.) Because of this, the court found the stop to be lawful. (*Id.* at p. 1221.)

In so finding, the court was careful to distinguish the circumstances before it from "cases in which the defendant's conduct does not in any way, shape

---

[3]"The purpose of this standard is to reduce traffic accidents and deaths and injuries resulting from traffic accidents, by providing adequate illumination of the roadway, and by enhancing the conspicuity of motor vehicles on the public roads so that their presence is perceived and their signals understood, both in daylight and in darkness or other conditions of reduced visibility." (49 C.F.R. § 571.108, S2 (2002).)

or form constitute a crime." (*U.S. v. Wallace, supra,* 213 F.3d at p. 1220.) The court explained that if the defendant does not actually break the law, the officer's mistaken belief there has been a violation adds nothing to the probable cause equation. (*Id.* at pp. 1220-1221; see, e.g., *U.S. v. King* (9th Cir. 2001) 244 F.3d 736, 741-742; *U.S. v. Twilley* (9th Cir. 2000) 222 F.3d 1092, 1096; *U.S. v. Lopez-Soto* (9th Cir. 2000) 205 F.3d 1101, 1106; *U.S. v. Lopez-Valdez* (5th Cir. 1999) 178 F.3d 282, 288-289; and *U.S. v. Miller* (5th Cir. 1998) 146 F.3d 274, 279.) In other words, "If an officer simply does not know the law, and makes a stop based upon objective facts that cannot constitute a violation, his suspicions cannot be reasonable. The chimera created by his imaginings cannot be used against the driver."[4] (*U.S. v. Mariscal* (9th Cir. 2002) 285 F.3d 1127, 1130.) However, an officer's reliance on the wrong statute does not render his actions unlawful if there is a right statute that applies to the defendant's conduct. (*U.S. v. Wallace, supra,* 213 F.3d at p. 1221.) "If the facts are sufficient to lead an officer to reasonably believe that there was a violation, that will suffice, even if the officer is not certain about exactly what it takes to constitute a violation. [Citations.]" (*U.S. v. Mariscal, supra,* 285 F.3d at p. 1130.)

Justin argues the facts in this case did not provide Sauerwein with an objective basis to believe he violated any law at all. He claims, "While federal law does require the supplemental [stoplamp], it says nothing about how many of the lamps must be in working order at any given time. That appears to be left to the discretion of the individual states." Regardless, section 24252, subdivision (a) requires "[a]ll lighting equipment of a required type installed on a vehicle shall at all times be maintained in good working order." Because a supplemental stoplamp was a required piece of lighting equipment for Justin's car, Justin was obliged to maintain it in good working order. His failure to do so constituted a violation of section 24252.

Furthermore, section 24603, subdivision (h) requires any supplemental stoplamp installed after January 1, 1987, to comply with the federal safety standard set forth in 49 Code of Federal Regulations part 571.108 (2002). Obviously, a supplemental stoplamp on a 1988 vehicle such as Justin's that *is not working* would not be in compliance with that standard. Sauerwein was therefore justified in stopping Justin's vehicle on this ground as well.

Because the undisputed facts provided an objective legal basis for Sauerwein's actions, he did not violate Justin's rights under the Fourth Amendment. Therefore, the court properly denied Justin's motion to suppress.

---

[4] Just as well—chimeras are notoriously difficult to use safely.

The judgment is affirmed.

Sills, P. J., and Fybel, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 31, 2002. Brown, J., did not participate therein.