[No. G043846. Fourth Dist., Div. Three. May 27, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL DAVID CARMONA, JR., et al., Defendants and Appellants.

## COUNSEL

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant Paul David Carmona, Jr.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant Alice Holguin.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry Carlton and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**O'LEARY, Acting P. J.**—Paul David Carmona, Jr., and Alice Holguin appeal from their convictions for possession and transportation of controlled substances for sale. On appeal, they contend the trial court erred by denying their motion to suppress evidence, after which they changed their pleas to guilty. We agree and reverse the convictions.

FACTS

The facts adduced at the hearing on the suppression motion are not in dispute. La Habra Police Officer Nick Wilson was driving southbound on Walnut Street, after dark, going about 25 miles per hour. Walnut Street has two lanes (one each direction) and forms a "T" intersection with Olive; there is a stop sign on Olive but not on Walnut. From about 40 yards away, Wilson saw a Chevrolet sports utility vehicle (the SUV) driving northbound on Walnut (i.e., coming towards him). Wilson's vehicle and the SUV were the only vehicles on the road at the time. When Wilson was about 55 feet away from the SUV, the SUV made a right-hand turn onto Olive Street without first using a turn signal. Although he had originally intended to continue driving straight on Walnut, Wilson made a left-hand turn onto Olive, followed the SUV, activated his emergency lights, and conducted a traffic stop. Wilson's police report stated the turn without a signal constituted a violation of Vehicle Code section 22107, which prohibits turning without an appropriate signal "in the event any other vehicle may be affected by the movement." At the suppression hearing, Wilson agreed the right-hand turn could not have affected his car (he was traveling in the opposite direction and was still at least 55 feet away) or any other cars (there were none).

Wilson contacted the driver, Carmona, and within seconds asked him if he was on parole. Carmona confirmed he was on active parole. Wilson observed the passenger, Holguin, to be sweating. She was very fidgety and unable to sit still. Wilson asked if there were any narcotics in the vehicle. Carmona indicated he did not know. Wilson searched the car and found baggies containing crystalline powder later determined to be 7.1 grams of methamphetamine and cellular telephones with text messages related to narcotics transactions on them. A search of Holguin's person revealed a plastic device used for snorting methamphetamine on which there was a crystal-like substance.

An information charged Carmona and Holguin with one count of transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a))

(count 1). The information also charged Holguin with one count of possession of a controlled substance for sale (Health & Saf. Code, § 11378) (count 2), and alleged Carmona suffered one serious and violent felony strike conviction (Pen. Code, §§ 667, subds. (d) & (e)(1), 1170.12, subd. (b)), and one prison prior (Pen. Code, § 667.5, subds. (b) & (c)(1)).

Carmona filed a motion to suppress in which Holguin joined (Pen. Code, § 1538.5), seeking to suppress the evidence seized as a result of the car stop and subsequent search. As relevant here, Carmona and Holguin claimed they were unlawfully detained because Wilson had no reasonable suspicion of a violation of the Vehicle Code. They asserted there was no violation of Vehicle Code section 22107[1] because there was no other vehicle that might have been affected by the turn. Wilson was driving the opposite direction and there were no other cars on the road. The prosecutor argued that even if the turn did not violate section 22107, the facts supported a violation of section 22108, which provides, "Any signal of intention to turn right or left shall be given continuously during the last 100 feet traveled by the vehicle before turning."

At the hearing on the motion to suppress, the trial court initially concurred with defendants' assertion sections 22107 and 22108 must be read in conjunction with each other. Section 22107 describes the prohibited conduct of turning without a signal if another vehicle might be affected and section 22108 describes the duration of the signal (100 feet continuously when making a right or left turn). But following argument, the trial court agreed with the prosecution that sections 22107 and 22108 are separate and distinct statutes, each one describing a separate crime. The trial court found section 22108 was the applicable statute, i.e., Carmona's right-hand turn made without first signaling for 100 feet was a violation of section 22108. Accordingly, it denied the motion to suppress.

After the trial court denied the suppression motion, Carmona and Holguin pled guilty to the charges. The court struck Carmona's prior conviction enhancements and sentenced him to two years in state prison. The court sentenced Holguin to three years of formal probation with various terms and conditions, including that she serve 90 days in the Orange County Jail.

## DISCUSSION

Carmona and Holguin contend Wilson unlawfully stopped and detained them. They argue Carmona's right-hand turn was not one requiring a signal because there was no other vehicle that might have been affected by the turn. We agree.

---

[1] All further statutory references are to the Vehicle Code.

 In reviewing a ruling on a motion to suppress, we defer to the trial court's factual findings, express or implied, when supported by substantial evidence, but we exercise our independent judgment in determining whether, on the facts so found, the search was lawful. (*People v. Redd* (2010) 48 Cal.4th 691, 719 [108 Cal.Rptr.3d 192, 229 P.3d 101].) "The Fourth Amendment's protection against unreasonable searches and seizures dictates that traffic stops must be supported by articulable facts giving rise to a reasonable suspicion that the driver or a passenger has violated the Vehicle Code or some other law." (*People v. Durazo* (2004) 124 Cal.App.4th 728, 731 [21 Cal.Rptr.3d 516].) Reasonable suspicion requires only that "the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231 [36 Cal.Rptr.2d 569, 885 P.2d 982].)

Wilson's police report indicated he stopped Carmona's vehicle for violating section 22107, but there is no reasonable possibility that section was violated. Section 22107 provides: "No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided in this chapter *in the event any other vehicle may be affected by the movement.*" (Italics added.)

 As this court noted in *People v. Logsdon* (2008) 164 Cal.App.4th 741, 744 [79 Cal.Rptr.3d 379] (*Logsdon*), section 22107 requires a signal only if "another motorist could be affected." (See also *In re Jaime P.* (2006) 40 Cal.4th 128, 131 [51 Cal.Rptr.3d 430, 146 P.3d 965] [dicta acknowledging People's concession turning corners and pulling to curb without signaling "standing alone would not have justified a vehicle stop, as no other vehicles were affected"]; *People v. Cartwright* (1999) 72 Cal.App.4th 1362, 1366, fn. 6 [85 Cal.Rptr.2d 788] [failure to signal lane change violates § 22107 only when another vehicle may be affected by the movement].) Wilson testified his vehicle was not affected by the right-hand turn made by Carmona's vehicle as it was approaching from the opposite direction, and there were no other vehicles in the vicinity.

We recognize, of course, that an "[a]ctual impact is not required by the statute; potential effect triggers the signal requirement. [Citation.]" (*Logsdon, supra*, 164 Cal.App.4th at p. 745.) But here there was no potential effect

either, as the trial court implicitly found when it concluded the possible traffic violation was of section 22108. In *U.S. v. Mariscal* (9th Cir. 2002) 285 F.3d 1127, on remarkably similar facts, the court held there was no possibility of a violation of an Arizona traffic law that like section 22107 prohibits a person from " 'turn[ing] any vehicle without giving an appropriate signal in the manner provided by this article in the event any other traffic may be affected by the movement.' [Citation.]" (*Mariscal*, at p. 1131.) The court concluded the defendant's unsignaled right-hand turn "could not by any stretch of the imagination have had any effect upon" the only car in the vicinity, a police car "at a standstill on the other side of the street . . . ." (*Id.* at p. 1132.) Similarly, here because Wilson was approaching from the opposite direction when Carmona's vehicle made a right-hand turn *away* from Wilson's vehicle, and no other vehicles were present, there was no possible violation of section 22107. The Attorney General apparently agrees as there is no argument on appeal that Wilson reasonably suspected a violation of section 22107.[2]

■ Although there was no violation of section 22107, the trial court concluded Carmona violated section 22108, which justified the traffic stop. "[I]f the defendant does not actually break the law, the officer's mistaken belief there has been a violation adds nothing to the probable cause equation. [Citations.] In other words, 'If an officer simply does not know the law, and makes a stop based upon objective facts that cannot constitute a violation, his suspicions cannot be reasonable. The chimera created by his imaginings cannot be used against the driver.' [Citation.] However, an officer's reliance on the wrong statute does not render his actions unlawful if there is a right statute that applies to the defendant's conduct. [Citation.] 'If the facts are sufficient to lead an officer to reasonably believe that there was a violation, that will suffice, even if the officer is not certain about exactly what it takes to constitute a violation. [Citations.]' [Citation.]" (*In re Justin K.* (2002) 98 Cal.App.4th 695, 700 [120 Cal.Rptr.2d 546], fn. omitted.)

Section 22108 provides: "Any signal of intention to turn right or left shall be given continuously during the last 100 feet traveled by the vehicle before turning." The Attorney General argues section 22108 is a distinct "stand alone" penal provision requiring that *whenever* a car is turning right or left it must signal for 100 feet before the turn regardless of whether that turn has any potential to affect other vehicles. Carmona and Holguin argue section

---

[2] At the suppression hearing, the prosecutor theorized section 22107 was potentially violated by the lack of a signal because had Wilson been planning on turning left onto Olive, as a driver he would want to know the car approaching him was also turning onto Olive. But the potential effect involved is the effect from the turn, not the failure to signal.

22108 must be read in connection with section 22107, i.e., a motorist must signal for a turn 100 feet ahead of time, but only in the event other motorists may be affected by the turn.

■ To resolve the dispute, we must turn to the language of the statutes. " 'As in any case involving statutory interpretation, our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] The rules for performing this task are well established. We begin by examining the statutory language, giving it a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language in isolation; rather, we look to the entire substance of the statutes in order to determine their scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statutes' nature and obvious purposes. [Citation.] We must harmonize the various parts of the enactments by considering them in the context of the statutory [framework] as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls." (*People v. Cole* (2006) 38 Cal.4th 964, 974–975 [44 Cal.Rptr.3d 261, 135 P.3d 669] (*Cole*).)

■ As relevant here, section 22107 provides, "No person shall turn a vehicle . . . until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided in this chapter in the event any other vehicle may be affected by the movement." On its face, section 22107 prohibits a driver from making a turn without first giving a signal if another vehicle might be affected by the turn, but it clearly envisions other sections of the Vehicle Code must be consulted to determine the manner of giving the required signal. Section 22108 is one of the sections that must be consulted. It specifies the required duration of a turn signal: "Any signal of intention to turn right or left shall be given continuously during the last 100 feet traveled by the vehicle before turning." Other sections specify how a signal must be given, i.e., by signal lamp or by hand (see §§ 22110, 22111).

We agree with Carmona and Holguin sections 22107 and 22108 must be read together so that when a motorist is required by section 22107 to give a turn signal, that signal must be given continuously during the last 100 feet traveled by the vehicle before turning. Our conclusion is borne out by looking at the entire chapter of which sections 22107 and 22108 are part. (*Cole, supra*, 38 Cal.4th at p. 975 ["[w]e do not, however, consider the statutory language in isolation; rather, we look to the entire substance of the statutes in order to

determine their scope and purposes"].) Both sections were added to chapter 6 of division 11 of the Vehicle Code, pertaining to turning and stopping and turning signals, by chapter 3 of the Statutes of 1959. (Stats. 1959, ch. 3, p. 1689.) Every section contained within chapter 6 of the Vehicle Code, including those added by chapter 3 of the Statutes of 1959, is phrased in terms clearly directing what *a person* must do or must not do, *except* for sections 22108, 22110, 22111, and 22113 (§ 22113 gives local authorities authority to adopt ordinances restricting turning movements). (See § 22100 [turning upon a highway; *"the driver* of any vehicle intending to turn upon a highway *shall* do so as follows . . . ." (italics added)]; § 22100.5 [U-turn at intersection controlled by traffic signals or devices; *"No driver shall* make a U-turn . . . ." (italics added)]; § 22101 [regulation of turns at intersection; "(d) When official traffic control devices are placed as required in subdivisions (b) or (c), *it shall be unlawful for any driver* of a vehicle to disobey the directions of such official traffic control devices." (italics added)]; § 22102 [U-turn in business district; *"No person* in a business district *shall* make a U-turn, except . . . ." (italics added)]; § 22103 [U-turn in residence district; *"No person* in a residence district *shall* make a U-turn . . . except . . . ."]; (italics added)]; § 22104 [U-turns near fire stations; *"No person shall* make a U-turn . . . ." (italics added)]; § 22105 [unobstructed view necessary for U-turn; *"No person shall* make a U-turn . . . ." (italics added)]; § 22106 [starting parked vehicles or backing; *"No person shall* start a vehicle stopped, standing, or parked on a highway . . . ." (italics added)]; § 22107 [turning movements and required signals; *"No person shall* turn a vehicle . . . ." (italics added)]; § 22109 [signal when stopping; *"No person shall* stop or suddenly decrease the speed of a vehicle on a highway . . . ." (italics added)]; § 22112, subd. (a) [signals by schoolbusses; "On approach to a schoolbus stop . . . *the schoolbus driver shall* . . . ." (italics added)].)

Section 22108, however, does not specifically command a person to do or refrain from doing anything. Rather it describes the required duration of a turn signal: *"Any* signal of intention to turn right or left shall be given continuously during the last 100 feet traveled by the vehicle before turning." (Italics added.) Section 22110 provides, "(a) The signals required by this chapter shall be given by signal lamp, unless a vehicle is not required to be and is not equipped with turn signals. Drivers of vehicles not required to be and not equipped with turn signals shall give a hand and arm signal when required by this chapter. [¶] (b) In the event the signal lamps become inoperable while driving, hand and arm signals shall be used in the manner required in this chapter." Section 22111 describes how hand signals are to be given: "All required signals given by hand and arm shall be given . . . in the following manner . . . ."

The Attorney General argues section 22108 must be construed in isolation and it is improper to read into it section 22107's requirement of a potential effect on another vehicle. Had the Legislature intended such a limitation, the Attorney General asserts, it could have expressly added that language or made reference to section 22107, but it did not. But the argument ignores that section 22107 specifically prohibits a driver from "turn[ing] a vehicle" without giving the appropriate signal "in the manner provided in this chapter" only "in the event any other vehicle may be affected by the movement." "It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided. [Citation.]" (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154]; see *City and County of San Francisco v. Farrell* (1982) 32 Cal.3d 47, 54 [184 Cal.Rptr. 713, 648 P.2d 935].) The words in section 22107, "in the manner provided in this chapter," cannot be ignored or deemed insignificant. On its face, section 22107 contemplates further explanation in a subsequent section as to what constitutes an appropriate signal. Furthermore, were section 22108 construed as containing a stand-alone directive that a turn signal be given continuously regardless of the presence of any other vehicle that might be affected, section 22107 would be rendered meaningless.

The Attorney General's reliance on *Logsdon, supra*, 164 Cal.App.4th 741, is misplaced. She contends that in that case, this court recognized sections 22107 and 22108 are distinctly different offenses. We disagree. *Logsdon* addressed whether the defendant had violated section 22107 by making a lane change without a signal where the only vehicle in the vicinity was the arresting officer's car traveling within 100 feet *behind* the defendant's vehicle. We noted, "The trial court *found* that a vehicle within 100 feet of Logsdon's car, traveling in the same lane and at the same speed, *was* affected by the lane change. Moreover, the Legislature has declared its opinion that vehicle signals are needed within 100 feet of any turn. (See . . . § 22108.)" (*Logsdon, supra*, 164 Cal.App.4th at p. 745.) The latter comment only suggests the court believed the Legislature established 100 feet to be a minimal zone of safety, not that section 22108 was separately violated.

■ In conclusion, reading sections 22107 and 22108 together, a motorist must continuously signal during the last 100 feet traveled before turning, but only in the event other motorists may be affected. Because the evidence is undisputed the officer was not and could not have been affected by the turn and there were no other motorists on the road, no violation occurred. In the absence of a violation of a statute, other unlawful conduct, or questionable activity, no reasonably objective suspicion existed to justify the stop.

## DISPOSITION

The judgments are reversed. The matter is remanded to the trial court with directions to set aside its order denying the motion to suppress, enter a different order granting the motion, and allow appellants to move to withdraw their guilty pleas.

Fybel, J., and Ikola, J., concurred.