Filed 5/7/14  P. v. Campbell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C073601 |
| Plaintiff and Respondent, | (Super. Ct. No. 62097495) |
| v. | |
| KIRK EDWARD CAMPBELL, | |
| Defendant and Appellant. | |

After the magistrate (Judge Curry) denied the suppression motion of defendant Kirk Edward Campbell, a jury found him guilty of being a felon in possession of a firearm, possessing a controlled substance with a firearm, and eight other drug-related felony offenses.

Defendant appeals from the resulting judgment (Judge Wachob), contending the magistrate erred in denying his motion to suppress the evidence.  We disagree.  Defendant was speeding, so a deputy sheriff lawfully stopped him.  The subsequent two

1

searches of his car were also lawful because defendant was on searchable probation and also gave the deputy consent to search.

## FACTUAL AND PROCEDURAL BACKGROUND

Placer County Deputy Sheriff Eric Bakulich was patrolling Douglas Boulevard in Roseville at 1:00 a.m. in March 2010, when he saw a man driving a Ford Escort "slightly over the speed limit." The deputy estimated that the Escort was going 50 miles per hour in a 45 mile-per-hour zone by driving behind the Escort and looking at his patrol car's calibrated speedometer. The deputy ran a "DMV check" of the Escort's license plate and found out the name of the registered owner of the Escort, who was male. The deputy then ran a records check of the registered owner and saw that his driver's license had expired. The deputy stopped the Escort based on his assessment that the driver was speeding and driving on an expired license.[1]

Defendant was the driver. Deputy Bakulich ran a records check on defendant and learned he was "on searchable probation out of Sacramento County" and that defendant was the son of the registered owner of the Escort. He then asked defendant if there was anything illegal in the car, and defendant said there was not. The deputy "asked if he had any problems with us looking through the vehicle."[2] Defendant "told [the deputy] no." The resulting search uncovered a loaded firearm in a backpack in the trunk. Defendant was arrested for being a felon in possession of a firearm.

The Escort was towed and impounded. Citrus Heights Police Officer Daniel Buckenmeyer went to the tow yard to further search the Escort. Before searching the

---

[1] In his police report, Deputy Bakulich wrote that defendant had violated Vehicle Code section 22350, which prohibits a person from "driv[ing] a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

[2] Two other deputies came to the scene within five minutes of the initial traffic stop.

Escort, the officer learned that defendant was on probation from Sacramento County until 2014 and he was "subject to search and seizure" as a term of probation. During the search, the officer found "contraband."

DISCUSSION

Defendant contends that both searches of his car were unlawful because the traffic stop was "unreasonable, unsupported by substantial evidence, and Bakulich's testimony was inherently improbable and physically impossible." Not so.

An officer can legally stop a motorist "if the facts and circumstances known to the officer support at least a reasonable suspicion that the driver has violated the Vehicle Code . . . ." (*People v. Miranda* (1993) 17 Cal.App.4th 917, 926.) Violations of the Vehicle Code are evaluated under an objective standard. (*In re Justin K.* (2002) 98 Cal.App.4th 695, 699.)

Here, relying on his calibrated speedometer, Deputy Bakulich estimated that defendant was driving five miles over the speed limit, which was a violation of the Vehicle Code. (See Veh. Code, § 22348 ["a person shall not drive a vehicle upon a highway with a speed limit . . . at a speed greater than that speed limit"]; Veh. Code, § 360 [" 'Highway' is a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Highway includes street"].) The court specifically found this part of the deputy's testimony credible.

Furthermore, it was irrelevant that Deputy Bakulich noted in his report that defendant had violated Vehicle Code section 22350, which prohibits a person from "driv[ing] a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." "[A]n officer's reliance on the wrong statute does not render his actions unlawful if there is a right statute that applies to the defendant's conduct." (*In re Justin K.*, *supra*, 98 Cal.App.4th at p. 700.)

3

Therefore, because of defendant's Vehicle Code violation, Deputy Bakulich acted lawfully in initiating the traffic stop.[3] It was during this lawful traffic stop that the deputy learned through a records check that defendant was on searchable probation and that the deputy asked for and received defendant's consent to search the car. Thus, both the probation search condition and defendant's consent allowed for the initial search the car. (*People v. Bravo* (1987) 43 Cal.3d 600, 605, 611 [A search conducted pursuant to a valid consent does not violate the Fourth Amendment unless the search exceeds the scope of the consent; a probation search condition permits a search without " 'reasonable cause' "].)

Finally, the probation search condition also authorized the later search of the car at the tow yard. Before conducting that search, Officer Buckenmeyer verified that defendant was on probation from Sacramento County until 2014 and he was "subject to search and seizure" as a term of probation. Thus, the officer could legally conduct a probation search up until the time that probation was formally revoked, regardless of the probationer's custodial status. (*People v. Hunter* (2006) 140 Cal.App.4th 1147, 1154.)

### DISPOSITION

The judgment is affirmed.


          ROBIE          , J.

We concur:


     NICHOLSON     , Acting P. J.


     HOCH          , J.

---

[3] Further, defendant was male and driving a car that was registered to a male with an expired driver's license.