Filed 9/13/16  P. v. Johnson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LABRIAN TODD JOHNSON,<br><br>Defendant and Appellant. | F071650<br><br>(Kern Super. Ct. No. BF157516A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara and Colette M. Humphrey, Judges.[†]

Jin H. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P.J., Franson, J. and Smith, J.

[†] Judge McNamara presided over the Penal Code section 1538.5 motion; Judge Humphrey presided over the sentencing hearing.

## INTRODUCTION

Appellant/defendant Labrian Todd Johnson pleaded no contest to felon in possession of a firearm and was sentenced to the lower term of 16 months. On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

At 10:30 p.m. on September 20, 2014, Officers Martinez and Ornelas were on patrol in Bakersfield. A silver 2001 Pontiac Grand Prix was driving in front of their patrol car. When the car moved into the left lane, Officer Martinez saw that the center brake light was not working and believed that was a violation of Vehicle Code section 24603, subdivision (b).[1] The officers conducted a traffic stop. Defendant was the driver and sole occupant.[2]

Officer Martinez approached the passenger side of defendant's car and smelled the strong odor of an alcoholic beverage from inside. He saw a clear plastic cup with ice spilled on the front passenger floorboard. The officers determined defendant was on probation with search terms. Martinez asked defendant if he had anything illegal in the

---

[1] Vehicle Code section 24603 sets forth the general requirements for a vehicle's brake lights, also known as "stoplamps." In a similar case, *In re Justin K.* (2002) 98 Cal.App.4th 695 explained that "federal safety standards require [a] car to have a supplemental stoplamp" mounted inside a vehicle's rear window, a driver is required to maintain a car in " 'good working order,' " and the failure to do so provided an objectively legal basis for an officer's decision to conduct a traffic stop when a vehicle's center brake light was not working. (*Id.* at pp. 699–700, fn. omitted.)

[2] Defendant entered a plea and there was no preliminary hearing. The facts in the preceding paragraph are from the evidentiary hearing on defendant's motion to suppress evidence.

car. Defendant said no, and that Martinez could check. Defendant's car was searched and an operable firearm was found under the driver's seat.[3]

**The charges**

On December 26, 2014, an information was filed in the Superior Court of Kern County charging defendant with count I, felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)),[4] and count II, felon in possession of ammunition (§ 30305, subd. (a)(1)), with an enhancement for count II for being armed with a firearm (§ 12022, subd. (a)(1), and two prior prison term enhancements.

**Motion to suppress**

On December 29, 2014, defendant filed a motion to suppress evidence and argued the warrantless search was illegal. The People filed opposition and argued defendant was subject to a probation search condition and also consented to the search of his car.

On January 28 and 29, 2015, the court conducted the evidentiary hearing on defendant's motion to suppress evidence. Officer Martinez testified as set forth above. Defense counsel argued the traffic stop was illegal because defendant's side brake lights were operable, and the center light was not required. The prosecutor replied Martinez reasonably believed defendant violated the Vehicle Code when he conducted the traffic stop. The court denied the suppression motion.

**Plea and sentence**

On February 6, 2015, defendant entered into a negotiated disposition and pleaded no contest to count I, felon in possession of a firearm, for the lower term of 16 months. The court granted the prosecution's motion to dismiss the remaining charges and allegations.

---

[3] The preceding paragraph is from defendant's motion to suppress evidence.

[4] All further statutory references are to the Penal Code unless otherwise stated.

On May 5, 2015, defendant, who had been released on bond, failed to appear for the sentencing hearing and a no-bail bench warrant was issued.

On May 14, 2015, defendant appeared and was sentenced to the lower term of 16 months in prison.

On May 19, 2015, defendant filed a timely notice of appeal of the denial of his suppression motion.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on September 15, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.