Filed 9/23/16  P. v. Deshazer CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LLOYD DESHAZER,<br><br>    Defendant and Appellant. | B270759<br><br>(Los Angeles County<br>Super. Ct. No. MA067560) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Lloyd Deshazer appeals from the judgment entered following his no contest plea to possession of marijuana for sale. Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442, we affirm the judgment.

## FACTUAL AND PROCEURAL BACKGROUND

Viewed in accordance with the usual rules of appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357), the evidence established that at about 3:20 p.m. on December 8, 2015, Deputy Sheriffs Goffigan and Boosalis observed defendant riding a bicycle northbound on the sidewalk of the 44000 block of 10th Street West in Lancaster. There are several restaurants located on that block. Goffigan noticed that the bicycle did not appear to have hand breaks or reflectors, which Goffigan believed were violations of Vehicle Code section 21201, subdivisions (a) and (d), respectively. Goffigan initiated a traffic stop because of these suspected Vehicle Code violations. While talking to defendant, Goffigan smelled the odor of marijuana both on defendant's breath and emanating from defendant's person. Seeking the source of the marijuana smell, the officers conducted a pat down search. Feeling a bulge in defendant's left front pocket, Goffigan reached inside that pocket and found a two baggies of a substance he believed was marijuana; a large white trash bag that smelled of marijuana and had a " 'leafy crush feel' " when squeezed was found in defendant's backpack.

Defendant was charged with transporting marijuana (Health & Saf. Code, § 11360, subd. (a); Count 1) and possession of marijuana for sale (Health & Saf. Code, § 11359; Count 2); one prior conviction was alleged pursuant to the Three Strikes Law and enhancements for four prior convictions were alleged pursuant to Penal Code section 667.5, subdivision (b).

Defendant filed a Penal Code section 1538.5 motion to suppress the bags of marijuana and a cellular phone discovered during the warrantless search on the grounds that the traffic stop was not supported by reasonable suspicion of illegal activity. Goffigan, the only witness at the hearing on the motion, testified that he initiated the traffic stop because he believed the absence of hand brakes and reflectors were violations of Vehicle Code section 21201, subdivisions (a) and (d). Defendant appeared to stop the

2

bicycle by taking his feet off the pedals, putting them on the ground and "scooted, ran and skid his feet on the floor to stop his momentum." After the marijuana was found, Goffigan did not inspect the bicycle to determine whether it had pedal brakes. At the time, Goffigan was generally aware that riding a bicycle on the sidewalk in a commercial area was precluded by the Lancaster Municipal Code, but he did not know the rule was contained in Municipal Code section 10.04.090(c), had never stopped anyone for violating that section and he did not stop defendant for doing so.

Defendant argued Goffigan's testimony was insufficient to establish a reasonable suspicion that defendant was engaged in any illegal activity, including violations of Vehicle Code section 21201. First, the officers could not have reasonably believed defendant was violating Vehicle Code section 21201, subdivision (a) because that subdivision applies to a bicycle "on a roadway" and defendant was stopped while riding on the sidewalk, not the roadway. (See Veh. Code, § 555 [defining a "sidewalk " as "that portion of a highway, *other than the roadway*, set apart by curbs, barriers, markings or other delineation for pedestrian travel."], italics added.) Second, the officers could not have reasonably believed defendant was violating section 21201, subdivision (b) because that subdivision applies to bicycles operated "during darkness upon a sidewalk," defendant was stopped at 3:20 p.m. and there was no evidence that it was dark at that hour.

The trial court found defendant's argument as to the inapplicability of Vehicle Code section 21201 "well taken." It nevertheless denied the motion to suppress. The trial court explained that, notwithstanding Goffigan's testimony that he did not stop defendant for violating the Lancaster Municipal Code's proscription against riding a bicycle on the sidewalk in a commercial area, the evidence that defendant was in fact doing so was sufficient to establish reasonable suspicion of illegal activity. (See *In re Justin K.* (2002) 98 Cal.App.4th 695, 699-700 [" 'If an officer . . . makes a stop based upon objective facts that cannot constitute a violation, his suspicions cannot be reasonable. . . .' [Citation.] However, an officer's reliance on the wrong statute does not render his actions unlawful if there is a right statute that applies to the defendant's

3

conduct.  [Citation.]  'If the facts are sufficient to lead an officer to reasonably believe that there was a violation, that will suffice, even if the officer is not certain about exactly what it takes to constitute a violation.  [Citations.]'  [Citation.]"].)

On February 23, 2016, after being advised of and waiving his rights, defendant pled no contest to the substantive charges and admitted the Three Strikes prior. Defendant timely appealed.

We appointed counsel to represent defendant on appeal.  After examination of the record, appointed counsel filed an opening brief requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436.  We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.  Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

4