Filed 2/18/15  P. v. Hernandez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059640 |
| v. | (Super.Ct.No. SWF1207377) |
| EDWARD MICHAEL HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark and Michael B. Donner, Judges.  Affirmed.

Shelia Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alana C. Butler, and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Edward Michael Hernandez guilty of two counts of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); counts 1 & 2)[1] and one count of possession of an assault weapon (§ 30605, subd. (a); count 3). Defendant was sentenced to a total term of two years in state prison. On appeal, defendant makes several arguments related to the trial court's denial of his suppression motion. We reject his contentions and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 15, 2013, defendant filed a suppression motion pursuant to section 1538.5. He objected to the October 8, 2012 search of the vehicle driven by, and registered to, Olivia Johnson. Generally, the motion challenged the "detention, search, seizure, and arrest" of defendant. Defendant's motion focused on the search of the vehicle's trunk and defendant's expectation of privacy in the vehicle. The People filed an opposition, noting defendant could challenge the basis for the stop, but argued defendant had no standing to challenge the search of the vehicle. Both defendant and the People asserted the traffic stop was conducted because the vehicle "had [a] broken rear tail light, in violation of Vehicle Code 25950(b)."

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The suppression motion was heard concurrently with the preliminary hearing on March 8, 2013. As such, the factual background is taken from the preliminary hearing transcript.

At the combined preliminary/suppression hearing, the following evidence was presented: On October 8, 2012, Murrieta Police Officer David Hernandez, a two-year police officer with the city of Murrieta, was on patrol when he conducted a traffic stop of a vehicle. The driver of the vehicle was Olivia Johnson.[3] Defendant was in the front passenger seat of the vehicle. As soon as Officer Hernandez contacted defendant and Johnson, he smelled marijuana emanating from the vehicle.[4] The officer explained that he could smell the marijuana "surrounding the vehicle from when [he] first approached the driver's side to when [he] approached the opposite side on the passenger side."

Officer Hernandez asked defendant and Johnson if there was marijuana in the vehicle. Defendant confirmed the presence of marijuana in the vehicle and showed the officer a pill bottle with 0.25 grams of marijuana in it. Based on his training and experience, Officer Hernandez believed there was additional marijuana in the vehicle and advised defendant of his belief. Officer Hernandez explained, "Marijuana has a very strong and distinct smell. You can smell it from a distance away. The amount provided when [defendant] provided it to me, the odor didn't get any stronger to indicate that that was where the source of the odor was coming from." Officer Hernandez also testified as to his background and training in determining controlled substances, including marijuana, and the "distinct smell of burnt and unburnt marijuana."

---

[3] Johnson was also the registered owner of the vehicle.

[4] Both front windows of the vehicle were open.

Defendant denied the existence of any additional marijuana. Officer Hernandez ran defendant's name through dispatch and discovered defendant had a warrant for his arrest. Officer Hernandez then asked both occupants to exit the vehicle. He arrested defendant and placed defendant in the backseat of his patrol car. Johnson was ordered to sit down on the curb. Officer Hernandez then conducted a search of the entire vehicle. In the passenger compartment located in front of the passenger seat, Officer Hernandez found another pill bottle containing four grams of marijuana.

Officer Hernandez then proceeded to search the closed and locked trunk compartment of the vehicle to locate additional contraband. As soon as he opened the trunk, Johnson approached, shut the trunk, and told Officer Hernandez that he did not have permission to search the trunk. Officer Hernandez told Johnson to sit down because he had probable cause to search the trunk. Inside the trunk, Officer Hernandez found a rifle bag containing a .22-caliber rifle and an AK-47 assault rifle.

While Officer Hernandez was searching the weapons, defendant banged on the window of the patrol car. Officer Hernandez went to see what defendant needed. Defendant told the officer the firearms were his.

Following testimony, defense counsel briefly mentioned that the People failed to prove a legitimate basis for the traffic stop and focused the argument primarily on standing and probable cause to search the truck. In response to the court's inquiry on the issue of the stop, the prosecutor responded that defendant's motion did not address the traffic stop and therefore did not elicit testimony from the officer for the basis of the stop.

4

The prosecutor requested permission to reopen testimony to elicit information with regard to the traffic stop, if defendant was challenging the stop. Defense counsel responded that it was the People's burden to establish a valid basis for the stop and seizure once a defendant challenges the search and seizure.

The magistrate court found defense counsel had failed to plead the challenge to the basis for the stop with particularity. The court noted the statements in defendant's moving papers were generic and failed to provide the parties with adequate notice as to what was being challenged. The court denied the suppression motion on that basis, but specifically allowed defendant to re-file another motion to challenge the basis for the stop. The court then found the officer did not have probable cause to search the trunk of the vehicle; but because the evidence failed to establish defendant had an expectation of privacy in the trunk of the vehicle, defendant had no standing to challenge the search. Accordingly, the court denied the suppression motion.

On June 10, 2013, defendant filed another suppression motion. The motion was identical to the first motion with the exception of one sentence. Defendant added the following sentence: "Please be put on notice that Defendant is challenging the basis for the stop and the search in this case." The notice of motion included a statement that the motion was based on all "files, records, and pleadings in this matter . . . ."

On June 20, 2013, the trial court heard the new motion. The trial court incorporated all previous testimony and information from the preliminary hearing and concurrent motion to suppress. Neither party sought to introduce new evidence at the

5

hearing before the superior court. Based on the court's review of the preliminary/suppression hearing transcript and the information presented at that hearing, the trial court denied the suppression motion.

II

DISCUSSION

Defendant makes several challenges to the denial of his suppression motion. First, he asserts the trial court erred when it denied his motion to suppress based on a failure by the People to establish a legitimate basis for defendant's initial detention. Second, defendant contends the trial court erred when it concluded defendant lacked "standing" to challenge the search of the vehicle's trunk. For the reasons explained below, we reject these contentions.

A. *General Principles*

The standard of appellate review of a trial court's ruling on a motion to suppress evidence is well established. In reviewing the denial of a suppression motion pursuant to section 1538.5, we evaluate the trial court's express or implied factual findings to determine whether they are supported by substantial evidence, but we exercise our independent judgment to determine whether, on the facts found, defendant's Fourth Amendment rights have been violated. (*People v. Glaser* (1995) 11 Cal.4th 354, 362; *People v. Williams* (1988) 45 Cal.3d 1268, 1301.)

6

In assessing the reasonableness of searches and seizures, we apply federal constitutional standards. (*People v. Rogers* (2009) 46 Cal.4th 1136, 1156, fn. 8.) At trial, the "prosecution has the burden of establishing the reasonableness of a warrantless search." (*People v. Jenkins* (2000) 22 Cal.4th 900, 972.) On appeal, it is defendant's burden to demonstrate error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) We review the evidence in the light most favorable to the trial court's ruling. (*People v. Renteria* (1992) 2 Cal.App.4th 440, 442.) We will affirm that ruling if it is correct on any applicable legal theory. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) Our review is confined to the trial court's ruling, not the reasons given for its ruling. (*Ibid*.)

The Fourth Amendment guarantees the right to be free of unreasonable searches and seizures by law enforcement personnel. (U.S. Const., 4th Amend.; *Terry v. Ohio* (1968) 392 U.S. 1, 8-9 (*Terry*).) An officer may, however, stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion, supported by specific and articulable facts, that criminal activity is afoot and that the person to be stopped is engaged in that activity, even if the officer lacks probable cause to arrest. (*Illinois v. Wardlow* (2000) 528 U.S. 119, 123-124; *United States v. Sokolow* (1989) 490 U.S. 1, 7; *Terry*, at p. 21; *People v. Souza* (1994) 9 Cal.4th 224, 237-238.) "Reasonable suspicion is a lesser standard than probable cause, and can arise from less reliable information than required for probable cause . . . ." (*People v. Wells* (2006) 38 Cal.4th 1078, 1083.) An ordinary traffic stop is treated as an investigatory detention, that is, a " '*Terry* stop.' " (*People v. Durazo* (2004) 124 Cal.App.4th 728, 734, fn. omitted

(*Durazo*).)  A *Terry* stop is justified if it is based on at least reasonable suspicion that the individual has violated the Vehicle Code or some other law.  (*Durazo*, at pp. 734-735.)  In determining whether a detention is legal, reviewing courts consider the totality of the circumstances.  (*People v. Souza, supra,* 9 Cal.4th at pp. 230-231.)

      B.     *Initial Detention*

Defendant argues the court erred in denying his suppression motion because defendant met the pleading and notice requirements of section 1538.5 and the People failed to justify the warrantless detention.

In making a suppression motion under section 1538.5, a defendant must first state the factual basis of the motion and the legal authorities that show why the motion should be granted.  (§ 1538.5, subd. (a)(2).)  In *People v. Williams* (1999) 20 Cal.4th 119 (*Williams*), our Supreme Court examined the specificity with which a defendant must make a motion to suppress evidence pursuant to section 1538.5.  "[W]hen the basis of a motion to suppress is a warrantless search or seizure, the requisite specificity is generally satisfied, *in the first instance*, if defendants simply assert the absence of a warrant and make a prima facie showing to support that assertion.  Of course, if defendants have a specific argument *other than the lack of a warrant* as to why a warrantless search or seizure was unreasonable, they must specify that argument as part of their motion to suppress and give the prosecution an opportunity to offer evidence on the point.  [Citation.]  For example, defendants who believe the police failed to comply with the knock-notice requirement of Penal Code section 844 cannot simply bring a motion to

8

suppress alleging a warrantless search or seizure and then wait until the appeal to raise the knock-notice issue. Rather, defendants must specify the knock-notice issue in the course of the trial court proceeding. [Citations.]" (*Williams*, at p. 130, italics in original.) "[I]f defendants detect a critical gap in the prosecution's proof or a flaw in its legal analysis, they must object on that basis to admission of the evidence or risk forfeiting the issue on appeal." (*Ibid*.) "Defendants cannot, however, lay a trap for the prosecution by remaining completely silent until the appeal about issues the prosecution may have overlooked." (*Id*. at p. 131.)

In accordance with that view, the Supreme Court specifically held that defendants "must set forth the factual and legal bases for the motion, but they satisfy that obligation, at least in the first instance, by making a prima facie showing that the police acted without a warrant. The prosecution then has the burden of proving some justification for the warrantless search or seizure, after which, defendants can respond by pointing out any inadequacies in that justification. [Citation.] Defendants who do not give the prosecution sufficient notice of these inadequacies cannot raise the issue on appeal. '[T]he scope of issues upon review must be limited to those raised during argument . . . . This is an elemental matter of fairness in giving each of the parties an opportunity adequately to litigate the facts and inferences relating to the adverse party's contentions.' [Citation.]" (*Williams*, *supra*, 20 Cal.4th at p. 136.)

Here, defendant, in his first moving papers, stated in two sentences that there was no warrant to justify the detention, search, seizure, and arrest of defendant. "Therefore,

9

the burden is on the prosecution to show that the detention, search, seizure, and arrest of [d]efendant were made pursuant to one of the exceptions to the warrant requirement." His motion then with specificity addressed why he had standing to challenge the warrantless search, but never addressed the initial detention. In his subsequent motion, defendant merely added in bold, "Please be put on notice that [d]efendant is challenging the basis for the stop and the search in this case." However, defendant did not specifically attack the initial detention by claiming the traffic stop was somehow invalid.

At the suppression hearing, the People justified the initial detention as being made pursuant to a traffic stop. Officer Hernandez testified that while on patrol on October 8, 2012, he conducted a traffic stop of a vehicle. Defendant was in the front passenger seat of the vehicle. Both parties noted in their respective moving papers in the statement of facts section that the traffic stop was effectuated because of a broken tail light in violation of Vehicle Code section 25950, subdivision (b). Thus, it appears that fact was undisputed.

The People, in their responding papers, addressed the arguments raised by defendant in his motion and, in addition, pointed out that the officer had effectuated the traffic stop due to a broken tail light in violation of Vehicle Code section 25950, subdivision (b). Defendant did not challenge the initial traffic stop by claiming it was illegal and made no response to the fact that it was effectuated due to a Vehicle Code violation at the hearing on the suppression motion, even after the prosecutor asked the court to reopen Officer Hernandez's testimony to elicit information about the specifics of

10

the traffic stop. Officer Hernandez's testimony that he had initiated a traffic stop and both parties acknowledging in their motions the officer had effectuated a traffic stop due to a Vehicle Code violation, created a reasonable inference that the People offered a justification for the initial detention.

Once the People proffered a justification for the initial detention, the burden shifted to defendant to assert any specific inadequacies with the justification. The statement of facts in defendant's subsequent motion is identical to the first motion; and he simply added a sentence to his motion asserting he was "challenging the basis for the stop." However, he did not specify why or how the justification of a lawful traffic stop was unlawful. He neither presented evidence nor argument as to why the traffic stop was unlawful. He did not assert the traffic stop was not factually supported because the vehicle's tail light was not broken or that the officer was not in a position to see the tail light or that the officer's reason for stopping the vehicle was pretextual. Indeed, defendant has failed to assert any specific reasons why the justification was inadequate on appeal. And, it appears there was no question about the initial detention of the vehicle based on a traffic stop in violation of the Vehicle Code. Defendant did not expressly contend in the trial court, as he now claims on appeal, that the search of the vehicle was invalid because the People failed to provide justification for the warrantless detention of the vehicle. Because he did not raise the contention below, defendant has not preserved the issue for review on appeal. (*Williams*, *supra*, 20 Cal.4th at p. 136.)

11

Defendant nevertheless maintains he did not forfeit the argument about the initial detention, citing *People v. Smith* (2002) 95 Cal.App.4th 283 (*Smith*).  In *Smith*, police stopped the defendant for driving without a tail light.  On contact, he appeared to be under the influence of methamphetamine and was arrested.  The officers, without permission, then searched his car, including the trunk, where they found methamphetamine and related paraphernalia.  (*Id*. at p. 288.)  The prosecution opposed the defendant's motion to suppress on the ground the search of the trunk was a lawful "inventory search" and because there was probable cause the car contained evidence of a crime.  (*Id*. at pp. 288-289.)  As to the inventory search, the prosecution's argument was a summary and did not "set forth the specific requirements for" such a search or demonstrate how they were met.  (*Id*. at p. 289.)  The defendant filed a reply brief, but did not challenge the inventory search rationale.  Rather, he maintained the arrest was unlawful, so any subsequent search was tainted.  (*Ibid*.)  The trial court concluded the defendant's arrest was lawful, but the police lacked probable cause to search the trunk. Nevertheless, because the defendant had not challenged the validity of the search as an inventory search, the court assumed it was lawful and denied the motion to suppress. (*Id*. at p. 291.)  The Court of Appeal reversed, pointing out the prosecution retains the burden of proving a justification for a warrantless search, regardless of whether the defendant addresses the justification in a reply brief.  (*Id*. at p. 300.)

*Smith* is not on point. In that case, the defendant's motion gave the prosecution clear notice of the intrusion complained of—the search of the trunk following his arrest. (*Smith*, *supra*, 95 Cal.App.4th at p. 288.) Moreover, at the hearing, the defendant raised the particular issue he later raised on appeal, the necessity for the prosecution to prove a valid inventory search. (*Id*. at p. 291.) Here, in contrast, defendant never with specificity challenged Officer Hernandez's initial traffic stop of the vehicle at the time of trial or on appeal. Indeed, at the suppression hearing, defendant never asserted the initial detention was unlawful and essentially conceded the initial traffic stop was based on a violation of the Vehicle Code. In short, defendant made no response as to Officer Hernandez's detention of the vehicle based on a traffic stop, and thus failed to elucidate any of the issues he now claims compromised the warrantless detention. Defendant merely complains the People failed to provide any justification for the initial detention. However, as explained above, the People justified the initial detention.

Even had defendant not forfeited the argument he now makes on appeal, we would nonetheless reject it. Although the specific information of the traffic stop was not elicited at the suppression hearing, under these circumstances, a reasonable inference can be made that the officer provided a reasonable basis to stop the vehicle. Officer Hernandez testified that he had conducted a traffic stop of the vehicle. Both parties acknowledged that Officer Hernandez had effectuated a traffic stop due to a broken tail light in violation of the Vehicle Code. This fact apparently was not in dispute at the time of the

13

suppression hearing.[5]  As previously noted, a *Terry* stop is justified if it is based on at least reasonable suspicion that the individual has violated the Vehicle Code or some other law.  (*Durazo*, *supra*, 124 Cal.App.4th at pp. 734-735.)  "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  (*Whren v. U.S.* (1996) 517 U.S. 806, 809-810.)

      C.     *Search of Vehicle's Trunk Compartment*

Defendant next asserts that the trial court prejudicially erred when it concluded defendant lacked standing to challenge the search of the vehicle.  The People respond defendant failed to present any evidence showing a possessory interest in the vehicle's trunk area searched, and therefore the trial court properly concluded defendant had not shown a legitimate expectation of privacy in the vehicle's trunk.  Alternatively, the People argue that the motion was properly denied because the officer had probable cause to search the vehicle's trunk.

---

[5]  Defendant argues that the statements contained in the written motions "fl[y] in the face of basic rules of evidence" and were hearsay.  However, defendant never disputed the fact that the officer conducted a traffic stop based on a violation of the Vehicle Code.  Although the Evidence Code, including hearsay rules, applies to section 1538.5 motions to suppress (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 199; Evid. Code, §§ 130, 300), defendant never objected to this fact on any evidentiary grounds, and therefore his contention that "the prosecution's written pleadings are in fact inadmissible hearsay" are forfeited.  (*Hawkins,* at p. 203.)  Moreover, defendant ignores the fact that twice in his own written motions defendant acknowledged that Deputy Hernandez performed a traffic stop of a vehicle in violation of Vehicle Code section 25950, subdivision (b), "because the vehicle's right tail light was partially broken and a portion of it was displaying a white light to a rear [*sic*.], instead of a red light as required by law."

14

## 1.    Reasonable expectation of privacy of vehicle's trunk

It is well settled that an individual cannot challenge the introduction of evidence obtained in an allegedly unlawful search unless that individual had a reasonable expectation of privacy in the object seized or the place searched. (*Rakas v. Illinois* (1978) 439 U.S. 128, 143, 148 (*Rakas*); *People v. Valdez* (2004) 32 Cal.4th 73, 122; *People v. Jenkins, supra,* 22 Cal.4th at p. 972; *People v. Hoag* (2000) 83 Cal.App.4th 1198, 1203.) " ' Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.' [Citations.]  A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.  [Citation.]  And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, [citation], it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." (*Rakas*, *supra*, 439 U.S. at pp. 133-134, fn. omitted.)

The defendant bears the burden of establishing a legitimate expectation of privacy in the area searched or the object seized.  (*Rakas*, *supra*, 439 U.S. at pp. 130-131, fn. 1; *People v. Jenkins*, *supra*, 22 Cal.4th at p. 972.)  A reasonable expectation of privacy is defined as (1) a subjective expectation of privacy in the object of the challenged search which (2) society would define as a reasonable expectation.  (*California v. Ciraolo* (1986) 476 U.S. 207, 211.)  Factors pertinent to a determination of a reasonable expectation of privacy "include ' "whether the defendant has a [property or] possessory

15

interest in the thing seized or the place searched; whether he has the right to exclude others from that place; whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises." ' [Citations.]" (*People v. Hernandez* (1988) 199 Cal.App.3d 1182, 1189.) The mere fact a person is legitimately present in a vehicle or on premises that are searched, without more, is insufficient to establish a reasonable expectation of privacy. (*Rakas*, *supra*, 439 U.S. at pp. 143, 148; *People v. Koury* (1989) 214 Cal.App.3d 676, 686.)

In *Rakas*, the United States Supreme Court held that passengers in a car did not have a reasonable expectation of privacy in the glove compartment and the area under the front passenger seat where rifle shells and a sawed-off rifle were found. (*Rakas*, *supra*, 439 U.S. at pp. 130, 148.) Similarly, in *People v. Valdez*, our Supreme Court concluded that a defendant who could establish no more than that he was a passenger in a vehicle could not challenge the seizure of a gun found under the driver's seat because the passenger lacked a reasonable expectation of privacy in the area searched. (*People v. Valdez*, *supra*, 32 Cal.4th at p. 122.)

The court properly found that appellant had failed to demonstrate a legitimate expectation of privacy in the trunk of Johnson's vehicle. At the hearing, defendant claimed his possessory interest in the car entitled him to challenge its search of the trunk. However, it was up to defendant to introduce evidence demonstrating his ownership or a possessory interest in the vehicle so as to demonstrate standing. (*Rakas*, *supra*, 439 U.S.

16

at pp. 130-131, fn. 1.)  Although he made an attempt to show that he was in a dating relationship with Johnson via the testimony of the officer, he offered no proof that he had a possessory interest in the place searched or whether he had the right to exclude others from that place.  Neither defendant nor Johnson testified as to defendant's possessory interest in the vehicle and its trunk.  Moreover, defendant presented no offer of proof in regard to his possessory interest or his right to exclude others from the trunk but merely attempted to offer evidence of his relationship with Johnson.  The evidence of his relationship with Johnson alone was insufficient to confer standing.  Likewise, his presence in the vehicle alone was insufficient to show his expectation of privacy in the vehicle.  (See *id*. at pp. 140-141 [passengers occupying a car which they neither own nor lease have no standing]; *U.S. v. Sanchez* (1st Cir. 1991) 943 F.2d 110, 113-114 [no standing where the only evidence at the hearing was that the defendant had casual possession of the car and had no direct permission from owner to use it]; *United States v. Ponce* (2nd Cir. 1991) 947 F.2d 646, 649 [observation by government agents that the defendant used a car over a long period of time does not show ownership or a legitimate basis for being in the car].)

Moreover, defendant did not present further proof to show a legitimate expectation of privacy in the vehicle's trunk when he filed another motion in the superior court.  At that time, defendant, who had ample notice of the standing issue, should have testified to establish that he had a reasonable expectation of privacy in the vehicle's trunk.  The People's evidence did not fill the void—their evidence showed that defendant was a

17

passenger in Johnson's car; that Johnson was the driver and owner of the vehicle; that Johnson had objected to the search of the vehicle's trunk; and that defendant claimed ownership of the rifles. On this record, defendant has failed to establish that he had the requisite expectation of privacy in the vehicle so as to successfully challenge the items seized therein.

Even if the court erred in finding defendant lacked a reasonable expectation of privacy in the vehicle, for the reasons explained below, we find the officer had probable cause to search the vehicle's trunk.

### 2. Probable cause

The court concluded the search was not supported by probable cause, but denied the motion because defendant had failed to show a reasonable expectation of privacy in the vehicle's contents. The court, however, erred in concluding the search was not supported by probable cause.

"The Fourth Amendment generally requires police to secure a warrant before conducting a search." (*Maryland v. Dyson* (1999) 527 U.S. 465, 466.) As recognized by the United States Supreme Court as early as 1925, "there is an exception to this requirement for searches of vehicles." (*Ibid*.) Under established precedent, "the 'automobile exception' has no separate exigency requirement." (*Ibid*.) " 'If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.' " (*Id*. at p. 467.)

18

"[T]he dispositive inquiry in a motion to suppress evidence found in an auto search is whether the objective facts demonstrate the 'officers [had] probable cause to believe that the vehicle [contained] contraband.' " (*People v. Superior Court* (*Overland*) (1988) 203 Cal.App.3d 1114, 1119.)  If probable cause exists, the officers may conduct a thorough warrantless search of the vehicle.  (*United States v. Ross* (1982) 456 U.S. 798, 825.)  The probable cause standard "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  (*Illinois v. Gates* (1983) 462 U.S. 213, 243, fn. 13.)

"California courts have concluded the odor of unburned marijuana . . . may furnish probable cause to search a vehicle under the automobile exception to the warrant requirement."  (*People v. Waxler* (2014) 224 Cal.App.4th 712, 719 (*Waxler*); see *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059 (*Strasburg*); see also *People v. Dey* (2000) 84 Cal.App.4th 1318, 1320 [observation of a "useable quantity of marijuana . . . in the passenger compartment" of the defendant's car "provided probable cause for the search of the vehicle's trunk"]; *People v. Hunter* (2005) 133 Cal.App.4th 371, 375, [officer saw a "sandwich bag containing a green residue that his training and experience told him . . . was marijuana"].)  Officer Hernandez testified that when he first approached the vehicle, he smelled marijuana emitting from the vehicle.  When the officer asked defendant if there was marijuana in the vehicle, defendant stated that there was and handed the officer a pill bottle containing 0.25 grams of marijuana.  Based on his training and experience and the smell of marijuana surrounding the vehicle, the officer, however,

19

suspected more marijuana in the vehicle and proceeded to search the car. The officer found another pill bottle containing four grams of marijuana. Under established California law, the officer in this case had probable cause to search defendant's vehicle as a result of detecting a strong odor of marijuana. Defendant advances a number of arguments why we should not apply this longstanding precedent in his case. His arguments lack merit.

Defendant argues that there was no evidence to indicate the smell of marijuana was coming from the trunk area of the vehicle. However, no such evidence was needed. In any event, the officer testified that the smell of marijuana was emitting from the vehicle and that the smell was surrounding the vehicle.

He also asserts that there was no evidence that after the second pill bottle was discovered the officer suspected additional marijuana to justify the search of the vehicle's trunk. Again, no justification was required. In any event, the officer testified that he disbelieved defendant's claim that there was no additional marijuana in the vehicle based on his training and experience and the strong odor of the marijuana emitting from the vehicle. As such, the officer testified that he searched the vehicle's trunk to locate additional contraband.

Defendant further claims the record lacked evidence of the officer's training and experience to justify the search of the trunk. Additionally, he argues that there was no information about whether the smell the officer noted was of burnt or unburnt marijuana. The record belies these contentions. The officer testified to his training and experience.

20

He also stated that he knew the "distinct smell of burnt and unburnt marijuana." Defendant did not object to the officer's qualifications and there is no indication in the record to doubt the officer's expertise. Although the officer did not specifically state he smelled unburnt marijuana, the record clearly shows that that is what the officer smelled, or presumably he smelled both burnt *and unburnt* marijuana since the vehicle was found to contain 4.25 grams of unburnt marijuana.

California courts have considered and rejected claims involving the search of vehicles based on an odor of marijuana. In *Strasburg*, supra, 148 Cal.App.4th at pages 1059 to 1060, the court rejected the notion that probable cause for a search is lacking when marijuana odor is present and the defendant possesses a physician's recommendation for medical marijuana or a state-issued medical marijuana card. The court reasoned that the medical marijuana laws provide a "limited immunity—not a shield from reasonable investigation." (*Id*. at p. 1060.) An officer with probable cause to search is entitled to "determine whether the subject of the investigation is in fact possessing the marijuana for personal medical needs, and is adhering to the eight-ounce limit on possession." (*Ibid*.)

Recently, in *Waxler*, *supra*, 224 Cal.App.4th at page 725, the court held that "[t]he automobile exception is not limited to situations where the officer smells or sees more than 28.5 grams of marijuana in the vehicle [citation]; the observation of any amount of marijuana . . . establishes probable cause to search pursuant to the automobile exception." The *Waxler* court specifically declined to follow the Massachusetts court in

21

*Commonwealth v. Cruz* (2011) 459 Mass. 459 (*Cruz*) and explained its reasoning as

follows:[6]  "*Cruz* does not apply here for at least two reasons.  First, in contrast to

Massachusetts, possession of up to an ounce of nonmedical marijuana in California is a

'crime.'  (Pen. Code, § 16.)  Second, neither the California Supreme Court nor the United

States Supreme Court has limited the automobile exception to situations where the

defendant possesses a 'criminal amount of contraband.' "  (*Waxler*, *supra*, at p. 723,

italics omitted.)  Defendant has presented no compelling grounds for this court to depart

from the holdings in *Strasburg* or *Waxler*.

We note that there is no "plain smell" exception to the warrant requirement akin to

the "plain view" exception.  (See *Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1244

(conc. opn. of Liu, J.) [describing plain view doctrine as one allowing officer to seize

incriminating object in plain view].)  In *Robey v. Superior Court*, *supra*, at page 1222,

our Supreme Court specifically declined to address whether there is a " 'plain smell' "

exception to the warrant requirement.  Regardless of whether the " 'plain smell' " of

contraband generally justifies a warrantless search, the issue in this case is limited to the

context of a vehicle search, where the law is settled.  In a concurring opinion in *Robey v.*

*Superior Court*, Justice Goodwin Liu expressed the view that the smell of contraband

---

[6]  In *Cruz*, *supra*, 459 Mass. 459, the Massachusetts court concluded that the odor
of burned marijuana alone did not justify a warrantless vehicle search because the state
had changed the possession of one ounce or less of marijuana from a criminal to a civil
violation.  (*Id*. at pp. 471-472.)  The court reasoned that the mere smell of marijuana did
not give rise to suspicion of a "criminal offense."  (*Id*. at p. 469.)

does not supply the same justification for a seizure as the observation of contraband. (*Id*. at p. 1253.)  Nevertheless, Justice Liu clarified that his concerns about a "plain smell" doctrine "cast no doubt on the settled proposition that the smell of marijuana can establish probable cause to search and, in the context of an *automobile search* or exigent circumstances, can provide a sufficient basis to proceed without a warrant."  (*Id*. at p. 1254, italics added.)  Here, of course, we are concerned with a search justified by the automobile exception to the warrant requirement.

As the *Strasburg* court explained, the officer "had probable cause to search defendant's car for marijuana after he smelled the odor of marijuana.  [Citations.] Defendant admitted smoking marijuana, and the deputy sheriff saw another bag of marijuana in the car after the defendant handed him one.  Armed with the knowledge that there was marijuana in the car, 'a person of ordinary caution would conscientiously entertain a strong suspicion that even if defendant makes only personal use of the marijuana found in [the passenger area], he might stash additional quantities for future use in other parts of the vehicle, including the trunk.'  [Citation.]"  (*Strasburg*, *supra*, 148 Cal.App.4th at p. 1059.)

The same is true here.  Not only did Officer Hernandez smell and see marijuana in the car, but he testified that based on his experience, he did not think the amount he saw would produce such a strong odor.  In these circumstances, an officer could reasonably suspect that more marijuana was present in the car.  As such, the officer could lawfully search the trunk of the vehicle, including any closed containers therein, for additional

marijuana.  (*Waxler*, *supra*, 224 Cal.App.4th at p. 718; *Strasburg*, *supra*, 148 Cal.App.4th at p. 1059.)  Accordingly, we conclude the search of the trunk of the vehicle was lawful because the officer had probable cause for the search.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

MILLER

J.